## DOSWELL VS. ADLER et al.

DEBTORS: *Preference of creditors by.*

A debtor, in failing circumstances, may prefer one creditor to another, if his act of preference is not prompted by an intention to defraud such other creditor, and a deed absolute in terms, made by the debtor to such preferred creditor, would not invalidate it as a mortgage, if intended by the parties so to be; such a circumstance, of itself, being no evidence of fraud.

LIEN BY CONTRACT: *When paramount to judgment lien.*

A lien by contract, upon real property, prior in time to the judgment, is paramount to the judgment lien, though the judgment creditor have no notice or knowledge of such prior lien by contract, and a purchaser at execution sale, under such judgment with notice, actual or constructive, acquires no greater interest than the judgment debtor had.

APPEAL from *Jackson* Circuit Court.

Hon. ELISHA BAXTER, Circuit Judge.

*Gallagher, Newton & Hempstead,* for appellant.

*U. M. Rose,* for appellees.

SEARLE, J. This is a complaint in equity brought to the November term, 1871, of the Jackson circuit court, and alleges substantially as follows: That one David G. Hart, being seized in fee of certain real property situated in the town of Jacksonport, conveyed the same to Page M. Patterson and Thomas Beckwith, on the 20th day of February, 1868, by warranty deed, which deed was filed for record on the 26th day of April, 1869, 8½ o'clock A. M., but, in fact, the intentention of the parties was that said deed should operate only as a mortgage for the purpose of securing a debt due from the grantor to the grantee; that Hart was in failing circumstances, and that, by his said conveyance, a preference was intended in favor of said grantees and against his other creditors; that Hart, being indebted to Tapps, Kennedy & Co., and Anderson, Campbell & Co., confessed judgment in favor of each of said firms, on the 29th day of February, 1868; that executions issued upon such judgments, by virtue of which said property was sold at sheriff's sale on the 26th day of April, 1869, for the sum of nine dollars, the appellant being the purchaser, and receiving a deed therefor; that Patterson and Beckwith conveyed the same property by warranty deed to the appellee Nathan Adler, on the 28th of February, 1870, at which time he had notice of appellant's claim, and took possession thereof, and that Patterson and Beckwith never had possession of the property, etc.; and the prayer was that the deed from Hart to Patterson and Beckwith be declared to be merely a mortgage subject to the prior judgment liens of the firms of Tapps, Kennedy & Co. and Anderson, Campbell & Co., and the deed from Patterson and Beckwith to Nathan Adler be declared to be merely an assignment of the mortgage; for a decree for rents and profits, as also for the possession of the property, and that the appellant's title be quieted against the appellees, etc.

The appellees demurred, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the court decreed in favor of the appellees, from which the appellant, standing upon his complaint, appealed to this court.

The complaint avers that the deed from Hart to Patterson and Beckwith was designed by the parties to secure the payment of the debt of the former to the latter, and, though absolute in its terms, was intended merely to be a mortgage in its effect. This allegation, as well as the other material allegations of the complaint, must be taken to be true in our determination of this case upon the demurrer. We must assume, then, that in the conveyance of Hart to Patterson and Beckwith, the former was a mortgagor, the latter mortgagees; and that the conveyance of the latter to appellee Nathan Adler transferred nothing more to him than their interest — imported nothing more than an assignment of their conditional title.

We presume it will not be disputed that Hart had a right to prefer Patterson and Beckwith to his other creditors by the execution of his mortgage to them, if his act of preference was not prompted by an intention to defraud such other creditors. But there is no allegation of fraud or facts from which fraud may be inferred. The complaint simply avers that Hart was insolvent, and, being indebted to the grantees, executed the conveyance to them to secure the debt. It is true the deed was by conveyance absolute in its terms. But this would not invalidate it as a mortage; for such a circumstance of itself is no evidence of fraud. *Conway ex parte*, 4 Ark., 302; *Ringo v. Biscoe*, 13 id., 563; *Hempstead v. Johnson*, 18 id., 123; *Carnall v. Duval*, 22 id., 139; *Gaffery v. Signiago*, 1 Dill. C. C., 158. Moreover, the complaint does not ask that the conveyance be declared void for fraud or for any other

reason. It admits that it is good as a mortgage, and only asks that it be declared subordinate to the title of the appellant obtained by the execution sale.

The main object that the appellant, in bringing his action seems to have had, was to have the mortgage declared subordinate to his title. For this chiefly his complaint was framed. Hence the vital question in the case is, as to what rights he acquired by his purchase at the sheriff's sale, and the demurrer reaches this question. The mortgage was executed on the 20th day of February, 1868. The judgments by confession were rendered on the 29th day of February, 1868. It is well shown in *Byers et al. v. Engles*, 16 Ark., 543, that a lien by contract upon real property, prior in time to the judgment, is paramount to the judgment lien, though the judgment creditor have no notice or knowledge of such prior lien by contract. The appellant's title therefore cannot be superior to that of the appellee by virtue of the judgment liens of Tapps & Co. and Anderson & Co. If superior, it must be by virtue of his purchase at sheriff's sale. But he purchased at such sale on the 26th of April, 1869, and we presume between the hours of 9 A. M. and 3 P. M., and the mortgage was filed at half past 8 o'clock A. M., on the same day. He then had, at least, constructive notice of the existence of the mortgage when he made the purchase, and, we are inclined to presume, actual notice, from the fact that he paid but nine dollars for the property, worth six or seven thousand dollars. Having such notice, he purchased no greater interest than the judgment debtor had, and took his title subject to the incumbrance of the mortgage. See *Byers et al v. Engles*, cited above, and the authorities therein collated.

The appellant prays for the possession of the property. There are no allegations in the complaint that go to the support of such prayer.

In a mortgage purporting to be such in its terms, the mortgagee is entitled to the possession after condition broken. In this case the mortgagees were entitled to possession from the date of their deed; because it was a present and absolute conveyance for a debt then due, and all the mortgagor could claim would be the right to redeem by showing that the deed was intended merely as a security.

The appellant prays for the rents and profits from the date of his purchase at the sheriff's sale. This he has not shown himself entitled to from his averments. The mortgagees, Patterson and Beckwith, and the appellees who hold from them, having the right of possession under the deed or mortgage, were entitled to the rents and profits. The appellant prays that his title be quieted, etc. This could not be decreed to him from his own showing, for he not only admits that he is out of possession, but by the averments of his complaint shows that he is not entitled thereto. *Apperson v. Ford*, 23 Ark., 746.

The appellant seems to have been confused in his ideas as to his rights, and entirely mistaken in his remedy. He asks for the quieting of his title, and for the possession at the same time, and yet he does not aver facts that would justify either. He asks that the conveyance, which he alleges was intended by the parties to be a mortgage, be declared to be subordinate to his title, and yet he avers facts that show that he purchased the property subject to the mortgage lien. He asks for the possession, and for the rents and profits, and yet he does not propose to pay the debt which has been made to incumber the property by the mortgage. The conveyance being regarded as a mortgage to secure the payment of the debt due from Hart to Patterson and Beckwith, and paramount to appellant's title, and the appellee, Nathan Adler, being regarded as rightly in possession of the premises, and entitled to the rents and

profits to satisfy such indebtedness, we think the appellant's remedy was simply to redeem. He should, therefore, in his complaint, have prayed for an account of the amount of the debt which the mortgage was given to secure; also, an account of the rents and profits from the date of the conveyance of the property to Patterson and Beckwith, and an ascertainment of the balance due by the deduction of the latter from the former, and he should have, in his complaint, offered to pay, in open court the balance, with interest thus found to be due. Such offer, we think, was indispensable, for without it, he did not lay the foundation for a decree to redeem, and his complaint was without equity.

For the above reasons the demurrer was well taken, and the decree properly rendered.