## WARD *v.* STURDIVANT.

### Opinion delivered December 10, 1906.

1. FRAUDULENT CONVEYANCE—CREDITOR'S REMEDY AT LAW.—A judgment creditor who has levied upon and purchased at execution sale land fraudulently conveyed by the debtor previously to the rendering of his judgment can recover possession of the land without first going into equity to set aside the fraudulent conveyance. (Page 77.)

2. SAME—JURISDICTION OF CIRCUIT COURT.—Where a judgment creditor seeks to recover possession of land of his debtor which he had purchased at execution sale, and which the debtor had previously conveyed to another in fraud of his creditors, the circuit court had jurisdiction, and it was not error to refuse to transfer to equity. (Page 78.)

3. EJECTMENT—EXCEPTION—DEFECT NOT APPARENT.—While an exception to a deed exhibited by defendant with his cross-bill does not reach a defect not apparent on the face of the deed, as that the deed was executed in fraud of the grantor's creditors, such exception may be treated as a reply where it notifies defendant of the ground on which his deed would be attacked. (Page 79.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed.

### STATEMENT BY THE COURT.

Eugenia Ward brought an action of ejectment against W. A. J. Sturdivant and certain of his tenants in the Howard Circuit Court to recover an undivided one-half of 160 acres of land in that county.

She alleged that she had in 1895 recovered judgment against one John B. Sturdivant before a justice of the peace, that, the same not being paid, a transcript of this judgment was in 1899 duly filed in the office of the clerk of the circuit court, and docketed as required by law; that an execution on the judgment was issued by the clerk of the circuit court, and was levied on the undivided interest of John B. Sturdivant in the land in controversy, the land sold and purchased by plaintiff, and a deed executed to her.

In a separate paragraph, numbered 3, she alleged: "That on or about the eighth day of December, 1894, and after plaintiff's debt was contracted for the purpose of cheating, hindering and delaying his creditors, which said fraudulent purpose was well known and participated in by the defendant W. A. J. Sturdivant, the said John B. Sturdivant conveyed the land in controversy to the defendant W. A. J. Sturdivant, and for the same fraudulent purpose and with the consent of the said W. A. J. Sturdivant fraudulently dated said deed as of the 1st day of January, 1894, when in truth and in fact said deed was executed on or about the 8th day of December, 1894, and said defendant is claiming an undivided one-half interest in said land under and by

virtue of said fraudulent deed." She set out the deed from the sheriff to her, and asked judgment for possession.

The defendants filed an answer containing among others the following paragraph:

"They deny that John B. Sturdivant was insolvent on the 8th day of December, 1894, or at any other time, and deny that he did, while insolvent, on the 8th day of December, 1894, or at any other time while insolvent, convey all his interest in said land to the defendant, his brother, W. A. J. Sturdivant, to defraud his creditors in the collection of their debts." They further pleaded the statute of limitations.

Thereupon the plaintiff filed exceptions to the deed from John B. Sturdivant to W. A. J. Sturdivant set out and exhibited with the answer of defendants, and for ground of exceptions set up substantially the same matters contained in paragraph third of the complaint copied above.

Afterwards the defendant filed a motion to strike out paragraph third of the complaint, and this motion was sustained.

The cause was then on motion of the plaintiff transferred to the chancery court. When the cause was docketed in the chancery court, the defendant filed a motion to send it back to the circuit court. This motion was sustained, and the case remanded to the law court. When it was docketed there, the plaintiff again moved that it be returned to the chancery court, but this motion was overruled.

On the trial the plaintiff introduced evidence showing that the land in controversy had been sold under an execution issued on a judgment in her favor against John B. Sturdivant, and purchased by her, and a deed executed to her.

The defendant W. A. J. Sturdivant introduced a deed from John B. Sturdivant to himself, executed before the issuance of the execution under which the land was sold to plaintiff.

The defendant thereupon offered to prove that this deed was fraudulent, that it was executed by John B. Sturdivant to defendant W. A. J. Sturdivant for the purpose of defrauding the creditors of John B., and that this purpose was known to W. A. J. Sturdivant; that plaintiff was a creditor of John B. Sturdivant at the time the deed was executed, and that this deed was executed in pursuance of a fraudulent scheme devised by the defendant

and his brother, John B. Sturdivant, to put this property beyond the reach of the plaintiff and other creditors of John B. Sturdivant. But the court held that, being a court of law, "he had no power to inquire into the validity of the deed except as to such matters as appeared on its face; that he had no right to inquire into the matters of its fraudulent execution or set it aside on that ground." He therefore refused to allow the plaintiff to introduce evidence of such fraud, to which ruling the plaintiff duly saved her exceptions.

There was a judgment in favor of the defendants, and, plaintiff's motion for a new trial being overruled, she appealed.

*D. B. Sain* and *McRae & Tompkins,* for appellant.

1. The cause should have been transferred to the chancery court. True, an equitable answer was not tendered, but a deed was tendered therewith which the plaintiff by apt allegations stated was fraudulent, and that raised an equitable issue; and the question is, is there an equitable issue to be tried? 70 Ark. 157; 34 Ark. 534; 49 Ark. 20; 36 Ark. 456; 62 Ark. 51.

2. Since appellant was required to submit to a trial at law, she was entitled to introduce evidence tending to show that the deed was fraudulent. Fraud is a mixed question of law and fact to be submitted to the jury, and to be established by competent proof. 8 Ark. 83; 24 Ark. 222; 49 Ark. 22.

*W. C. Rodgers,* for appellee.

Appellant elected to bring suit in ejectment, which is purely a legal remedy, and is bound by her election. 30 Ark. 453; 61 Ark. 266; 64 Ark. 213; 65 Ark. 380; 69 Ark. 271; 75 Ark. 40. Moreover, appellant, having purchased at her own execution sale, and paying nothing for the land, only crediting her judgment with the purchase price, was not an innocent purchaser. 31 Ark. 252; 32 Ark. 346; 33 Ark. 621; 34 Ark. 85. Possession of W. A. J. Sturdivant was itself notice of his claim to the land and the nature thereof. 66 Ark. 167; 26 N. J. Eq. 70; 3 Paige, Ch. 421; 13 Ves. 114; 4 N. H. 397; 3 Md. Ch. 488; 40 Ala. 486. A purchaser at an execution sale acquires only such title as the debtor may have. 22 Ark. 572; 30 Ark. 249. And the lien of a judgment can only operate upon the interest which the debtor had at the time of its rendition. 15 Ark. 73. If the convey-

ance from J. B. to W. A. J. Sturdivant was fraudulent, it was nevertheless effective to divest out of him his title and interest in the land. 11 Ark. 411; 30 Ark. 453; 47 Ark. 301; 67 Ark. 325.

If the deed was executed at the time alleged, and if it were fraudulent, appellant was not injured. The burden was on her to show that J. B. Sturdivant was indebted to her at that time, and this she did not show. 43 Ark. 454; 53 Ark. 275; 71 Ark. 305; 74 Ark. 68; 92 S. W. 783; 90 Va. 719; 68 N. C. 494; 50 Miss. 34; 65 Ala. 343; 17 R. I. 519.

Authorities cited by appellant show that exhibits are not a part of the pleadings, and jurisdiction must arise from the pleadings: 7 Ark. 258; 113 U. S. 249; 152 U. S. 654; 13 Ark. 40; 66 Ark. 346; 7 S. D. 451.

The sale to W. A. J. Sturdivant was at least valid until set aside by a court of chancery. "Some process, after a judgment at law is rendered, is necessary, in order to fix and secure a lien upon property that has been fraudulently conveyed, and uncover it for the judgment creditor." 67 Ark. 325.

A conveyance of property made with fraudulent intent to cheat, hinder or delay creditors is ground for attachment, though it is a valid conveyance between the parties, and confers a perfect title. 75 Ark. 391.

RIDDICK, J. (after stating the facts.) There are only one or two points that need to be considered on this appeal.

The first question is whether a creditor who has recovered judgment against his debtor and has levied upon and sold land fraudulently conveyed by the debtor previous to the judgment can recover possession of the land in an action of ejectment based on the deed acquired at the execution sale, without first going into a court of equity to set aside the fraudulent conveyance? We are of the opinion that this question must be answered in the affirmative. It is the language of our statute, and it has been often said by this and other courts that a conveyance made for the purpose of defrauding a creditor is void as to the creditor. Chancellor Kent said that "a fradulent conveyance is no conveyance against the interest intended to be defrauded." *Sands* v. *Codwise*, 4 Johns. Ch. (N. Y.), 536, 4 Am. Dec. 305. Such expressions are found in numerous cases. *Ringgold* v. *Waggoner*,

14 Ark. 69; *Rudy* v. *Austin,* 56 Ark. 73-80; *May* v. *State National Bank,* 59 Ark. 614; *Johnston* v. *Harvey,* 21 Am. Dec. 426.

But in the recent case of *Doster* v. *Manistee National Bank,* 67 Ark. 325, is was pointed out that, although such conveyances were often spoken of as void as to creditors, they were in fact only voidable, and will stand unless some legal steps are taken to avoid them. In other words, "where it is said that a fraudulent conveyance is void as to the creditors of the grantor; what is meant is that it is ineffectual against legal process instituted by the creditor against the property of the debtor and exercised through regular and valid proceedings." 14 Am. & Eng. Enc: Law (2 Ed.), 310. In the Doster case the court held that a judgment was not a lien upon land which the judgment debtor has previously conveyed to defraud his creditors. I did not concur in that decision for the reason that it seemed to me to be in conflict with former decisions of this court. *Ringgold* v. *Waggoner,* 14 Ark. 69; *Hershy* v. *Latham,* 46 Ark. 542; *Stix* v. *Chaytor,* 55 Ark. 116.

But the case was carefully considered, and we have no inclination to overrule it. One reason for holding that a judgment was not a lien in such cases is that where a creditor has obtained judgment, but taken no steps to attack the fraudulent conveyance or to subject the property conveyed to his judgment, innocent parties might be misled into dealing with such property as the property of the fraudulent grantee, and might be exposed to injury if a judgment was held to be an absolute lien in such cases. But that reason does not apply where the creditor not only recovers a judgment but levies an execution upon the property and sells it as the property of the fraudulent grantor. For that conclusively shows that the creditor has elected to treat the conveyance as void, and to subject the property to his debt. For this reason we see nothing in the decision in the Doster case that conflicts with our conclusion in this case.

While the usual practice for the creditor seeking to reach property fraudulently conveyed by the debtor is to go into court of equity, and while this court in the Doster as well as other cases has said that the better practice was to do so, still the creditor has the right to choose his remedy, for fraud may be shown at law as well as in equity. Although, as said in the

Doster case, a fraudulent deed is not strictly speaking void until attacked by one having the right to do so, yet it is of no effect against the process of a creditor seeking to subject the property to his debt. While such a deed is good between the parties, a creditor may elect to treat it as a nullity; and when he recovers judgment against the fraudulent grantor, he may levy his execution on the property, and subject it to sale for the satisfaction of his debt. The purchaser at such sale can recover possession from the fraudulent grantee by an action of ejectment, upon showing the nature of the conveyance, and we are of the opinion that the circuit court erred in holding to the contrary. *Ringgold* v. *Waggoner,* 14 Ark. 69; *Apperson* v. *Ford,* 23 Ark. 746; *Hershy* v. *Latham,* 46 Ark. 542; *Scott* v. *Scott,* 85 Ky. 385; *Pratt* v. *Wheeler,* 6 Gray (Mass.), 520; *Sherman* v. *Davis,* 137 Mass. 132; *Smith* ·y. *Reid,* 134 N. Y. 568; 14 \m. & Eng. Enc. Law, (2 Ed.) 310, 312, 20 Cyc. 655, 656, and cases cited.

In this case the plaintiff did not ask for any equitable relief. She asked judgment for the possession of land held by defendant; and as the circuit court had jurisdiction to try and determine the case, the court did not err in overruling the motion of plaintiff to transfer to the chancery court. The paragraph of the complaint alleging the fraudulent nature of the conveyance under which defendant holds was stricken out on motion of defendant. Plaintiff did not except to this ruling of the court, and that is not before us for review. But the answer of the defendant set out the deed from his brother, the debtor, to him, and expressly denied that it was made to hinder and delay creditors. The plaintiff thereupon filed exceptions to this deed on the ground that it was made to defraud the plaintiff of her debt. Strictly speaking, this was not a proper exception to the deed, for the deed was good on its face, and an exception goes only to defects apparent on the face of the deed; but if a reply was necessary to raise the issue as to whether this deed was fraudulent or not, this exception may be treated as a reply, for it set out the facts fully, and gave notice to the defendant of the grounds on which his deed would be attacked. But the court refused to permit plaintiff to introduce evidence to sustain the allegation of fraud. This ruling, as we have said, was in our opinion erroneous.

Judgment reversed, and cause remanded for a new trial.