## SEARS *v.* SETSER.

### Opinion delivered January 12, 1914.

1. FRAUDULENT SALE—VALIDITY—RIGHTS OF CREDITORS.—A sale of land made to defraud creditors, is not void, but voidable, and such sale is ineffectual against legal process instituted by the creditors against the property of the debtor, exercised through regular and valid proceedings. (Page 14.)

2. HOMESTEAD—LIEN OF CREDITORS.—A debtor may fix his homestead upon any lands he may own, regardless of his debts and the rights of his creditors, if it is done before any lien attaches to the land. (Page 15.)

Appeal from Benton Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

On October 8, 1910, A. J. Sears instituted this suit in the chancery court against John H. Setser and Eliza Setser, his wife, and W. H. Austin, to set aside a conveyance by the Setsers of the south half of lot 2 in block 12 in Gravette, Benton County, Arkansas, as a fraud upon his rights as an existing creditor. The facts developed by the plaintiff are as follows:

A. J. Sears sold to John H. Setser a stock of goods, and took as part payment therefor Setser's note for $353 with 8 per cent interest. Setser failed to pay the note when it became due, and on the 10th day of August, 1907, Sears brought suit against him in the circuit court on the note. On motion of the defendant, the case was transferred to the chancery court, and on the 5th day of January, 1909, a decree was rendered in favor of Sears for the sum of $338.61. On the 30th day of

March, 1908, W. H. Austin and his wife conveyed the property in question to John H. Setser for the consideration expressed in the deed of $800. A vendor's lien was retained in the deed for the sum of $150, due twelve months after date, recited to be the balance of the purchase money unpaid. The deed was filed for record on the 10th day of November, 1908. On the 27th day of June, 1908, John H. Setser and Eliza Setser, his wife, conveyed said land to Arthur B. Setser, and the consideration recited in the deed was $800. This deed was filed for record on the 10th day of November, 1908. On the 25th day of January, 1910, Arthur Setser and his wife conveyed said land to Eliza Setser for the consideration of $800, as recited in the deed. This deed was filed for record on the 2d of February, 1910.

The plaintiff, Sears, testified that he had a conversation with the defendant, John H. Setser, in which the latter stated to him that he was not going to pay plaintiff; that he had his property in shape that plaintiff could not get hold of it. This conversation occurred in August, 1907, and Setser denied that it ever occurred.

The facts developed by the defendant are substantially as follows: John H. Setser testified: I had a farm worth three or four thousand dollars, and traded it to plaintiff for a stock of goods, and also gave him my note for $353 as part payment of same. The stock of goods was shoddy and run down so that I could not make any profit in handling it. After paying the expenses of running the store for several months, I sold the goods to Duffield for $150 in cash, and took his note for $774.50. This is all I realized out of the stock of goods. I offered to discount the Duffield note for $774.50 40 per cent., but was unable to sell the same. I finally transferred it to W. H. Austin for the property in question. The property, at the time I purchased it, was worth from four to five hundred dollars. I sold the property to my nephew on the date mentioned in the deed for $150 cash and took his note for $300 for the balance of the purchase money.

My nephew also agreed to assume the vendor's lien note of $150.

Setser then left the State and did not return until just before the time the property was conveyed by Arthur Setser to Eliza Setser. The testimony for the defendants shows that Arthur Setser never paid the $300 note and that when he conveyed the land to Eliza Setser she delivered up to him his note and paid him $150 in cash. The testimony for the defendants also shows that when Setser left the State he turned this $300 note over to his wife and also gave her $150 in cash, which was about all the property he then had, and that at the time he left the State he did so for the purpose of earning a livelihood and had the intention of returning to it; that he had been a resident of Benton County for many years and is now a resident of that county; that Eliza Setser made the contract with Arthur Setser for the purchase of the place in August, 1909, and at that time moved on the place, and has since resided there; that the defendant, John H. Setser, returned to the State before the deed was executed, in January, 1910, and has since resided on the place with his wife.

In rebuttal, the plaintiff introduced witnesses who variously estimated the value of the property in controversy at from $600 to $1,000. The chancellor dismissed the complaint for want of equity, and the case is here on appeal.

*McGill & Lindsey,* for appellant.

The real issue is whether the conveyances complained of were fraudulent. The burden of proof was on the appellees to show that the conveyances were not executed for a fraudulent purpose. 152 S. W. (Ark.) 107, and cases cited.

Counsel review the evidence and contend that the court's finding is contrary to the clear preponderance of the evidence.

*Rice & Dickson,* for appellees.

Fraud is a fact that must be proved, and the burden always remains on the party alleging it. It is never presumed, neither will it be inferred from an act which does not import it. Circumstances of mere suspicion leading to no certain result are not sufficient to prove it. 38 Ark. 419; 45 Ark. 492; 31 Ark. 554; 20 Ark. 216; 22 Ark. 784; 20 Cyc. 751.

The finding and decree of the chancellor was right, and is supported by the evidence.

HART, J., (after stating the facts). If it be conceded that the conveyance of the property in question by John H. Setser and his wife was a fraud against the rights of the plaintiff as an existing creditor, still the plaintiff would not be entitled to recover in this action. In the case of *Doster* v. *Manistee National Bank,* 67 Ark. 325, it was held that a judgment was not a lien upon land which the judgment-debtor had previously conveyed to defraud his creditors. The court pointed out that, although such conveyances were often spoken of as void as to creditors, they were in fact only voidable, and would stand unless some legal steps were taken to avoid them. The court held, in effect, that where it is said that a fraudulent conveyance is void as to the creditors of the grantor, what is meant is that it is ineffectual against legal process instituted by the creditors against the property of the debtor and exercised through regular and valid proceedings.

In the case of *Ward* v. *Sturdivant,* 81 Ark. 73, the court reaffirmed the rule announced in the Doster case, and said that while such a deed is good between the parties, a creditor may elect to treat it as a nullity, and that when he recovers judgment against the fraudulent grantor he may levy his execution on the property and subject it to sale for the satisfaction of his debt. The court held that the purchaser under execution sale can recover possession from the fraudulent grantee by an action of ejectment, upon showing the nature of the conveyance. In that case, the judgment-creditor fixed a lien

upon property by a levy of an execution on the land which had been fraudulently conveyed by the debtor. In the present case, the plaintiff did not recover judgment against John H. Setser until the 5th day of January, 1909. Prior to that time, namely, on the 27th day of February, 1908, John H. Setser and Eliza Setser, his wife, had conveyed the property in question to Arthur B. Setser. Therefore, no lien was fixed upon the land by the rendition of the judgment, and no lien was afterward fixed on it by the levy of an execution. A lien was attempted to be fixed on the land by the institution of the present suit on the 8th day of October, 1910, but prior to that time, namely, in August, 1909, the family of John H. Setser had moved upon the land and claimed it as their home. It is true that John H. Setser at that time was absent from the State, but his testimony shows that he was only temporarily absent and that he intended to return to the State at the time he left. He did return in the early part of 1910 and took up his abode on the premises in question, where his wife and the rest of his family already lived. Thus, it will be seen that Setser and his family moved on the land and fixed it with the character of his homestead before any lien was affixed on the land; and this court has held that a debtor may fix his homestead upon any lands he may own, regardless of his debts and the rights of his creditors, if he can do so before any lien attaches to the land. *Gibbs* v. *Adams,* 76 Ark. 577; *Ferguson* v. *Little Rock Trust Co.,* 99 Ark. 45.

It follows that the chancellor was right in dismissing the complaint for want of equity, and the decree will be affirmed.