## Stephens v. Shannon.

1. VENDOR AND VENDEE: *Lien for purchase money—Notice to subvendee.*

A vendor of land who has parted with the legal title, has, in equity, a lien on the land for the unpaid purchase money, as against the vendee and his privies, including subsequent purchasers with notice; and a subsequent purchaser is affected with notice of all recitals in the title deeds of his vendor, whether recorded or not.

2. VENDOR'S LIEN: *Its nature and inception.*

A vendor's lien upon land is not an estate in the land, but is a charge or right which has its inception only on bill filed.

3. STATUTE OF LIMITATIONS: *On vendor's lien.*

The statute bar to the enforcement of a vendor's equitable lien, depends, not upon the length of time of adverse possession of the land, but on the fact whether the debt is barred at the institution of the suit: after that it cannot be enforced.

Stephens v. Shannon.

4 STAUTE OF LIMITATIONS: *On sealed instruments.*

The statute of limitations of ten years applies to sealed instruments concerning contracts between individuals executed while the constitution of 1868 was in force.

APPEAL from *Arkansas* Circuit Court in Chancery.

Hon. R. H. CROCKETT, Special Judge.

*Gibson & Primell,* for appellant.

The appellant was an innocent purchaser for value without notice; he went into possession at once, occupied and cultivated the land all the time from the date of his purchase to the commencement of the suit, *more than eight years,* and the statutes of limitations, which he pleads, was a good defence. *Gantt's Digest, Sec.* 4113; 34 *Ark.,* 534; 38 *Id.,* 181–193. The deed from Shannon to Winfrey was not on record. The appellant stated that he had no knowledge of any lien, and there is no evidence to show that he had any such knowledge.

*E. L. Johnson* and *Robert P. Holt, contra.*

1. Argue from the testimony that there was collusion in the matter of the alleged deed from Ivey to appellant concocted and schemed at and before the time the same was acknowledged, to defeat the suit of Drake v. Ivey & Ferguson, and Shannon, and that the fraud vitiated the sale from Fry to Stephens, and operates as a complete estoppel of the plea of limitation of seven years adverse possession, &c. 3 *Greenl. Ev., Sec.* 254; 35 *Ark.,* 483; 34 *Id.,* 63; 32 *Id.,* 251; 3 *Wash. R. P., p.* 147, *Sec.* 30.

2. Appellant was bound to take notice of what title his vendor and his vendor's vendor had. The lien was reserved in the face of the deed, and had the effect of a mortgage, and

30————43

it matters not whether the deed was recorded or not: the purchase money had not been paid and the lien existed. Appellee stands in no better attitude than Ivey, who *was not* an innocent purchaser. The answer fails to set up statements sufficient to avail in his plea of seven years adverse, continuous and uninterrupted possession. 35 *Ark.*, 100; 31 *Id.*, 85; 37 *Id.*, 571; 29 *Id.*, 568.

Seven years is not the period of limitation between a mortgagor and his mortgagee or his vendee. 34 *Ark.*, 312. This is an action *in rem* and seven years limitation is no defence. 3 *Wash. on Real Est.*, *p.* 147, *Sec.* 30; 34 *Ark.*, 312.

SMITH, J. Shannon, on the first of January, 1870, sold and conveyed to Winfrey three hundred and twenty acres of land in Arkansas county for $5,000, of which $4,000 were paid, and for the remainder Winfrey made his promissory note under seal, payable on the first of April, 1870, and secured by a lien reserved on the face of his deed. Several payments were made on this note, the last being on the 6th of November, 1871. Winfrey afterward sold and conveyed the land to Ivey, and Ivey on the 20th of January, 1872, sold and conveyed one hundred and sixty acres of it to Stephens.

Shannon, on the 23d day of May, 1881, filed his bill against Winfrey, Ivey and Stephens, to subject the land to the payment of the balance due on the note.

We need not notice the proceedings relating to other defendants, as they have not appealed. But Stephens' defence was that all remedy against the land in his hands was barred by the statute of limitations, he having held possession under a deed for more than seven years without any recognition of the alleged lien.

The decree was for the plaintiff.

Stephens v. Shannon.

A vendor of land, who has parted with the legal title, has, 1. Vendor's Lien for nevertheless, in equity, a lien for the purchase money as purchase money. against the vendee and his privies, including subsequent purchasers with notice. *Shall. v. Biscoe*, 18 *Ark.*, 142; *Chapman v. Liggett*, 41 *Id.*, 292, and cases therein cited.

The deed of Shannon, which contains the reservation of Notice to sub-vendee. the lien, was not placed on record. But Stephens was affected with notice of all recitals in the title-deeds of his vendor, whether they were of record or not. *Stidham v. Matthews*, 29 *Ark.*, 650; *Stephens v. Anthony*, 37 *Id.*, 571.

This equitable lien of the vendor is not, however, an 2. Nature and inception estate in the land itself, but is a charge, or right which has its tion of lien. inception only on bill filed. *Bispham's Principles of Eq.*, 3rd Ed., Sec. 354; *Gillmore v. Brown*, 1 *Mason*, 191.

From the fact that it is a mere remedy or security, and not a right of property, it results that the lien cannot be enforced after the bar of the statute of limitations has attached to the debt. *Linthicum v. Tapscott*, 28 *Ark.*, 267; *Waddell v. Carlock*, 41 *Id.*, 523; *Boust v. Covey*, 15 *N. Y.*, 505; *Trotter v. Erwin*, 27 *Miss.*, 772.

We are aware that a different view has been taken by the courts of Maryland and Alabama. See the cases collected in a note in 31 *Am. Rep.*, 41 to the case of *Bizzell v. Nix*, 60 *Ala.*, 281. But this seems to be a mistake. For, undoubtedly, the debt is in such cases the principal thing and the lien an incident; and the accessary necessarily falls along with its principal.

That the barring of the debt bars also a foreclosure of the mortgage intended to secure it, is a logical sequence in those states where a mortgage is regarded merely as a pledge, the title remaining in the mortgagor until foreclosure, and the rights and remedies of the mortgagee being equally equitable. *Ewell v. Daggs*, 108 *U. S.*, 143; *Schmucker v. Sibert*, 18 *Kans.*, 104; *S. C.*, 26 *Am. Rep.*, 765; *Day v. Baldwin*, 34

*Iowa,* 380 ; *Lord v. Morris,* 18 *Cal.,* 482 ; *McCarthy v. White,* 21 *Id.,* 495 ; *Eborn v. Cannon's Ad.,* 32 *Tex.,* 231.

The solution of this controversy then, depends not on the length of time that Stephens has had adverse possession ; for, Shannon having no right to the possession, nor any interest in the land, the character of that possession becomes unimportant ; but it depends on the fact whether the note was barred at the institution of the suit.

4. Statute of limitation. On sealed instruments    The instrument having been executed while the constitution of 1868, which abolished private seals, was in force, the scroll affixed to the maker's name added nothing to its dignity, and did not raise its grade. And no payment having been made later than November 6th, 1871, the bar would have become complete on November 5th, 1876, had that constitution remained in force. But in 1874, another constitution was adopted. And section 1, of the schedule to it, contains this extraordinary provision : "Until otherwise provided by law, no distinction shall exist between sealed and unsealed instruments, concerning contracts between individuals, executed since the adoption of the constitution of 1868. Provided that the statutes of limitation concerning sealed and unsealed contracts in force at the time, continue to apply to all instruments afterwards executed, until altered or repealed."

In *Dyer v. Gill,* 32 *Ark.,* 410, it was decided that the Constitutional Convention had the power, and it was their intention to restore the limitation of ten years to actions upon writings obligatory executed after the adoption of the constitution of 1878, leaving it to the Legislature to alter or repeal the provision. The Legislature has never taken any action in the matter, so far as we are advised : and the case above quoted governs this. The suit was not barred and the decree below is affirmed.