HOWES v. KING, ADMINISTRATOR.

Opinion delivered February 26, 1917.

1. JUDGMENT LIENS—NATURE OF.—A judgment lien is a creature of the statute, and none exists except as there provided.
2. JUDGMENT LIENS—EXTENT OF.—A judgment lien does not attach to the land, but to the judgment debtor's interest in it, and if that interest be subject to any infirmity or condition by reason of which it is eliminated or ceases to exist, the lien attached thereto ceases with it.
3. JUDGMENT LIENS—LIMITATIONS UPON.—The lien of a judgment is subject to all valid liens on the debtor's land at the time the judgment is rendered, whether recorded or not.
4. JUDGMENT LIENS—EXTENT OF.—The lien of a judgment is in all cases limited to the actual interest which the judgment-debtor has in the estate.

Appeal from Clark Chancery Court; *Jas. D. Shaver*, Chancellor; reversed.

*John H. Crawford* and *Dwight H. Crawford*, for appellant.

1. LaCroix, prior to February 14, 1914, had no title to the land that could have been affected by the lien of a judgment against him. He only had a vendor's lien for the purchase money notes, which is not subject to the lien of a judgment or sale under execution. 66 Ark. 167.

2. The legal and beneficial title, prior to February 14, 1914, was in appellant subject to the vendor's lien notes held by F. R. LaCroix.

The judgment, if a lien at all, was only a lien on such interest in the land as F. R. LaCroix had at the time of its rendition, or he subsequently acquired, and will not affect outstanding rights and equities of third parties. The lien of the judgment can only be on land *owned* by the defendant, actually, not apparently. It

only attaches to an estate in land—not to a lien on land. Nor does it attach to the interest of a naked trustee for the equitable or beneficial owner.   Kirby's Digest, § 4438; 69 Iowa 222; 106 Cal. 355; 58 Ark. 252; 90 *Id.* 149; 71 *Id.* 318; Freeman on Judgments (3 ed.), § 357; 23 Cyc. 1368, 1371; 7 Wall. 205; 12 *Id.* 150; 25 Fed. 372; 56 *Id.* 129; 43 Pac. 667; 17 W. Va. 276, 41 Am. Rep. 670; 102 Ind. 524; 1 N. E. 386; 4 *Id.* 457; 108 Ind. 585; 137 *Id.* 218; 95 Am. Dec. 741; 25 N. W. 701; 46 *Id.* 1043; 3 Bland Ch. 284; 22 Am. Dec. 236; 19 Pac. 210; 93 Am. Dec. 337; 11 Neb. 222; 9 N. W. 52 114; Ark. 447, and others.

HART, J.   On June 29, 1915, Albert Howes instituted this action in the chancery court against Joe King, as administrator *ad litem* of J. S. King, deceased, and Frank R. LaCroix to restrain the defendant King from attempting to enforce the judgment against the defendant, LaCroix, on the lands described in the complaint.

The complaint alleges a state of facts substantially as follows:

On September 14, 1912, Mrs. J. B. LaCroix sold a quarter section of land in Clark County to J. S. King for $2,200 in cash and $4,000 to be paid in the future. Mrs. LaCroix executed a warranty deed to King, and in it reserved a lien for the unpaid purchase money. She died in August, 1913, and by will left all her property to her husband, F. R. LaCroix.   On the 16th day of February, 1914, Albert Howes executed two mortgages to the Colonial & United States Mortgage Company upon the lands in question.   Each one of said mortgages was for $2,000 and the last mortgage was given subject to the first one.   The $2,000 secured by the first mortgage was paid by Howes to Frank R. LaCroix on his purchase money obligations against the land.   On January 28, 1914, J. S. King obtained a judgment against F. R. LaCroix for $150 with interest and costs amounting to $73.75 and the judgment is unsatisfied.   On February 18, 1914, defendant F. R.

LaCroix executed to the circuit clerk a deed of release authorizing him to mark the purchase notes named in the deed from Mrs. J. B. LaCroix satisfied on the margin of the record, which was done on February 28, 1914.

On February 18, 1914, plaintiff executed to defendant F. R. LaCroix a deed conveying to him said land, and the consideration recited in the deed was one dollar.

On February 25, 1914, defendant F. R. LaCroix, by warranty deed, reconveyed said land to plaintiff, in which the consideration named was $6,787.13 paid and to be paid, of which $4,066 was at or prior to that time paid, and $2,731.13 in deferred payments, to secure which a lien was retained on said land. The total amount of purchase money being the original amount agreed to be paid when said land was conveyed by Mrs. J. B. LaCroix, with accrued interest on deferred payments named in said deed. The $2,000 secured by said mortgage to Colonial & United States Mortgage Company was paid to defendant F. R. LaCroix, and is included in above amount of $4,066. The purchase money notes given by plaintiff to F. R. LaCroix in the last transaction for $2,731.13, were at once and before maturity transferred by him and are now held by innocent purchasers for value.

Howes went into the possession of the lands when Mrs. LaCroix executed the deed to him and he has been in possession of them ever since.

It was the purpose of all of the above transactions, towit, the said release deed, the deed from plaintiff to F. R. LaCroix, and from F. R. LaCroix back to plaintiff, and plaintiff's mortgage to said Colonial & United States Mortgage Company to enable plaintiff to secure $2,000 to pay on his purchase money obligations held by F. R. LaCroix, and to secure the payment of the purchase money notes therein described, and there was no other consideration for said transactions, and it was so understood by all parties to said transactions.

At the time plaintiff had no actual knowledge of said judgment against defendant F. R. LaCroix, and did not know that his rights were jeopardized by said judgment. It was never intended that said F. R. La-Croix should retain either the legal or equitable title to said land.

The court sustained a demurrer to the complaint and the plaintiff having elected to stand on his complaint, it was adjudged insufficient and dismissed for want of .equity. The plaintiff has appealed.

(1) The decree of the chancellor proceeded upon the theory that the judgment lien was a prior lien on the lands in question. A judgment lien is the creature of the statute, and, except as there provided, none exists. Our statute provides that all real estate, whether patented or not, whereof the defendant, or any person for his use, was seized in law or equity on the day of rendition of the decree shall be liable to sale under execution. Kirby's Digest, § 3228.

In *Stephens* v. *Shannon*, 43 Ark. 464, the court held that a vendor's lien upon land is not an estate in the land, but is a charge or right which has its inception only on bill filed.

In *Strauss* v. *White*, 66 Ark. 167, the court held that the interest of a vendor of land who had given a bond for title is not subject to sale under execution issued against him.

In *Lavender* v. *Abbott*, 30 Ark. 172, the court held that the vendor's equitable lien for purchase money descends to his heirs or passes to his devisees in the same condition as the ancestor held it.

Under these authorities it will be seen that after Mrs. LaCroix sold the land she had no interest in it, which was subject to sale under execution by reason of the fact that she reserved in the face of her deed a lien for the unpaid purchase money and that her vendor's lien passed to her devisees in the same condition as she held it. This brings us to the question of whether or not the judgment of King against F. R. LaCroix became a lien on the land when Howes exe-

cuted a deed to F. R. LaCroix for the land on February 18, 1914.

(2-3)  In *Apperson* v. *Burgett*, 33 Ark. 328, the court held that the lien of a judgment is subject to all valid liens on the land at the time it is rendered, whether recorded or not.  The reason is that a judgment lien does not attach to the land, but to the judgment-debtor's interest in it, and, if that interest be subject to any infirmity or condition by reason of which it is eliminated or ceases to exist, the lien attached thereto ceases with it.  *Hunter* v. *Citizens Savings & Trust Co.*, 157 Iowa, 168, Ann. Cas. 1915 C, 1019.  In the application of this rule to the case at bar, it is clear that the judgment-lien of King did not attach to the land.

(4)  According to the allegations of the complaint, the release deed of F. R. LaCroix to the clerk, the deed from Howes to LaCroix and the deed from LaCroix back to Howes and Howes' mortgage to the Colonial & U. S. Mortgage Company were all considered parts of the same transaction and constituted but one act.  The intention of the parties was to enable Howes to secure $2,000 to pay his purchase money obligations to LaCroix.  It is true they accomplished this in a round about way, but such was clearly their intention as shown by the allegations of the complaint. There was no moment of time when LaCroix owned or held the lands free from the condition, nor when he could have voluntarily conveyed them except subject to the condition.  This rule is based on principles of justice and public policy and can work no hardship to the judgment-creditor; for as we have already seen the lien of the judgment is in all cases limited to the actual interest which the judgment-debtor has in the estate. The judgment-creditor having parted with nothing on the strength of these conveyances, it would be highly inequitable to permit his judgment to be satisfied out of what in fact was the property of Howes. In support of the rule, see Kent's Commentaries, 14 Ed., vol. 4, star pages 173 and 174; *Thornton* v. *Findley*, 97 Ark. 432; *Murray Co.* v. *Satterfield*, 125 Ark. 85;

*Western Tie & Timber Co.* v. *Campbell*, 113 Ark. 570, Ann. Cas. 1916 C, 943 and case note at 949.

It follows that the decree must be reversed and the cause will be remanded with directions to overrule the demurrer to the complaint and for further proceedings according to law and not inconsistent with this opinion.