### McGuigan v. Rix.

Opinion delivered November 3, 1919.

1. EQUITABLE MORTGAGE—FORM.—Every instrument intended to secure payment of money, whatever name and form it have, is in equity a mortgage.

2. SAME—SAME.—One H. executed an instrument naming a trustee and purporting to grant, bargain, sell, etc., certain land, to be used upon a debt of H., but the writing invested no power of sale in the trustee nor had it a defeasance clause. *Held,* while not technically a legal mortgage, it would be treated as a mortgage in equity.

3. SAME—RECORDING STATUTES.—Equitable mortgages are not controlled by the recording statutes of the State.

4. JUDGMENT CREDITORS — EQUITIES OF THIRD PARTIES.—Judgment creditors are not innocent purchasers; their liens are subject to existing equities of third parties in the land.

5. EXECUTIVE SALES—CAVEAT EMPTOR.—The rule of *caveat emptor* applies to purchases at execution sales.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*Chas. C. Sparks,* for appellants.

1. The effect of the contract was to give J. E. Hogue a half interest in the property. 130 Ark. 21; Kirby's Digest, § § 4458-4460; 123 Ark. 473.

2. The title to the property and the right to rents was finally determined to be in the Rushing estate and the contract vested in Hogue a half interest. Pom. Eq. Jur., par. 1290, p. 2585; 5 C. J. 912.

3. In the present case the Arkansas National Bank is not an innocent purchaser for value, as it was given for a pre-existing debt. The power of attorney to sell and appropriate the proceeds to certain indebtedness and no title passed except the power to sell and pass title and was revocable. It was an unexecuted trust to dispose of a subject-matter contingent. 36 Ark. 591.

4. Appellants' liens are prior to those of Rix and the bank and the decree should be reversed. *Supra.*

*L. E. Sawyer,* for appellee.

1. Hogue had no such interest at the rendition of the judgment that gave him a judgment lien, and if the instrument to Rix is an equitable assignment the judgment lien is subordinate to the assignment. If the instrument to Rix is a mortgage, then it was filed for record before Hogue had any ownership or legal interest in the property. If these judgments created no liens until final decree, then if a mortgage it was on file when the decree was rendered and then attached. 15 Ark. 73. It is true that an equitable mortgage given to secure a precedent debt has no equity superior to that of a creditor having a valid subsequent judgment at law, but between such contestants the first perfected title prevails. The rule would be otherwise if the consideration for the mortgage is paid at the time of the mortgage, as in such case equity regards the equitable mortgagee as a *bona fide* purchaser. 1 Jones on Mort., § 470; 24 N. J. Eq. 552.

2. The lien of a judgment depends on the right of execution and if on a judgment an execution issue the lien is on the property only that can be sold under the execution. The lien attaches no further than the debtor has power voluntarily to transfer or alienate his lands in satisfaction of his debts. 22 Am. Dec. 236; 50 Am. St. 782; 20 L. R. A. 400; 88 Am. St. 875; 10 N. J. Eq. 535; 64 Am. Dec. 469. If these judgments did not create a lien on Hogue's inchoate interest then the execution lien is subject to all prior legal or equitable liens, and this mortgage was of record long before the execution issued. The execution did not create an independent lien. 15 R. C. L. 251.

A judgment lien is but a security for a debt, and is not a property right in the land itself, and the judgment creditor obtains no interest in the property. 15 R. C. L. **254.**

There is nothing showing fraud in the instrument to Rix. But if made to defraud creditors, if an absolute sale, the judgments would not have been a lien. 50 Ark. 108; 67 *Id.* 325; 81 *Id.* 78; 84 *Id.* 525; 111 *Id.* 140; 113 *Id.* 109.

Hogue had an interest in his client's cause of action and a lien thereon from the commencement of the suit, and when he obtained his judgment then a lien on the recovery. 123 Ark. 473. If Hogue's assignment was to pay a debt, then it was a mortgage and not a sale, and he had the right to redeem. 18 Ark. 85; 71 *Id.* 505. See also 31 Ark. 437; 52 *Id.* 41; 83 *Id.* 185.

Hogue could mortgage his conditional interest to secure the bank. Our statute says the judgment lien attaches only to property owned by the judgment debtor at the time of the judgment, and Hogue was not, at the time of the judgment of Mrs. McGuigan, the owner of this property except on conditions, and he could not sue for or possess any legal rights until he performed the conditions, and these were not performed until the court rendered its decree December 13, 1917, in favor of the Rushings, and prior to this Rix's mortgage was filed

for record. Black on Judgm. 432, 460, 445, 423. The instrument to Rix was intended to secure Hogue's debt, but it did not pay it, and there was no agreement that it should release it. Rix thereby became a trustee. 54 Ark. 184. To be an absolute sale it must be irrevocable and indefeasible. The instrument was not enforceable by Rix, for it was not for his benefit, and Hogue could in equity have canceled the same. K. & C. Digest, § 826. A judgment creditor is not a purchaser. 44 Ark. 458; 110 *Id.* 495.

Under sections 3542-3, K. & C. Digest, real estate, to be subject to execution, the judgment debtor must be seized in law or equity on the day of the rendition of the judgment. Hogue only had an equitable lien on his cause of action when he made the mortgage to Rix and when the judgments were rendered. There was nothing upon which the judgment liens could attach. Hogue's contracted interest was assignable and assigned to Rix. Jones on Mortg. 136; Eaton's Equity, § § 243-4.

Power, before the same is assigned, is a mere potential interest and not subject to execution. 11 Ark. 212-236. See also 31 *Id.* 434. If Hogue had no right to redeem, he had no interest in the property sold. In equity before foreclosure the grantor would be permitted to redeem, or judgment creditor might redeem if the instrument was to raise money to pay debts. 18 Ark. 508 is a clear case showing when property under a deed of trust may be subject to execution. Our statute, K. & C. Dig., § 5167, says the judgment lien shall attach only on the estate "owned" by the defendant, and "owner" means absolute owner in fee. 80 S. W. 897. Hogue never was the owner, but only had a lien. K. & C. Dig., § 3542. A valuable consideration was paid by Rix to Hogue for the assignment, and it was an absolute conveyance and the title vested in Rix. The decree is right. 5 C. J. 842; *Ib.* 708, § 77.

HUMPHREYS, J. The appeal now before this court grows out of a controversy between Alice McGui-

gan, T. T. Marsh and Henry Shank, on the one side, appellants herein, and C. N. Rix *et al.* on the other side, appellees herein. All of said parties intervened in the original case of *Taylor Rushing et al.* v. *Susie Horner et al.*, twice before this court on appeal. In the first appeal, on May 28, 1907, this court reversed the decree of the chancery court and remanded the cause for a new trial, upon material issues which had not been fully developed on the first trial in the lower court. In the second appeal, the decree of the chancery court was affirmed July 8, 1918. The purpose of the intervention filed in the original case was to determine whether appellees, C. N. Rix *et al.*, had a prior and paramount claim to that of appellants, Alice McGuigan, T. T. Marsh and Henry Shank in an undivided one-half interest in lot 15, block 54, in the second subdivision of the Hot Springs Land & Improvement Company in the city of Hot Springs, Arkansas, except a portion of the lot which had theretofore been sold and conveyed to the Little Rock, Hot Springs & Western Railroad Company. Both appellants and appellees claim an undivided one-half interest in said lands acquired by James E. Hogue on account of legal services rendered the Rushings in the original suit, styled *Rushing* v. *Horner,* and reported in 130 Ark. 21, and 135 Ark. 201. In order to test the priority of their respective claims to Hogue's interest, he was made a cross-defendant in the interventions. Appellants claim Hogue's undivided interest in said lands by virtue of judgments obtained against him in the chancery and circuit courts of Garland County of date September 16, 1916, September 18, 1916, and January 8, 1917. Appellees claim Hogue's undivided one-half interest in said lands by virtue of the following written instrument:

"ASSIGNMENT AND POWER OF ATTORNEY.

"Know All Men by These Presents:

"That, whereas, I, the undersigned, James E. Hogue, domiciled and residing in the city of Hot Springs, in the State of Arkansas, have, as attorney for Taylor Rushing and James Rushing, filed a suit in the Garland Chancery

Court to recover from Scott-Mayer Commission Company and Susie A. Horner and others a certain lot lying and being in the city of Hot Springs, in the State of Arkansas, and described as lot numbered 15 of the Hot Springs Land & Improvement Company's subdivision in block 54, said block 54 being according to the plat of the Hot Springs Reservation as made by the Hot Springs commission, and said subdivision being according to the plat on file in the records of deeds and mortgages for Garland County, Arkansas, except that portion of said lot heretofore sold and conveyed to the Little Rock, Hot Springs & Western Railroad Company; and,

"*Whereas*, The purpose of said suit is also to recover back rents on said property; and,

"*Whereas*, I have a contract with the guardian of said minors which has been approved and confirmed by the probate court by the terms of which contract I am to have for my services and fees one-half of said property, and one-half of any and all sums that may be collected as back rent on same; and,

"*Whereas*, I am indebted to the Arkansas National Bank as is evidenced by my various promissory notes which have in the past been renewed from time to time and may in the future be renewed; and,

"*Whereas*, I am further indebted to the said Arkansas National Bank for office rent;

"Now, for and in consideration of the sum of one dollar to me in hand paid by Chas. N. Rix, I, the said James E. Hogue, do hereby grant, bargain, sell, transfer and assign to the said Chas. N. Rix all my rights and interest in said contract and all my rights and interest in said property that may come to me by virtue of this contract or otherwise, and I hereby nominate, constitute and appoint Chas. N. Rix my true and lawful attorney in fact, for me and in my name, place and stead, to collect and receive all my interest in said property; to execute receipts and acquittances therefor, the same as I might or could do in person, and I hereby ratify and confirm all the acts of my said attorney done in this behalf, making

them effectual and binding on me as if done by me in person.

"Out of such proceeds as my attorney may receive or collect by virtue of this power of attorney, I hereby authorize and direct him to pay all my indebtedness to the Arkansas National Bank evidenced by promissory notes, or by account for rent and to turn the balance, if any, over to me, or as I may direct.

"Witness my hand and seal on this 1st day of August, 1916.

"James E. Hogue.

"Witness:    I. B. King.

"Acknowledgment.

"State of Arkansas,
"County of Garland.

"Be it remembered, That on this day, the first day of August, 1916, appeared before me, an acting notary public, within and for the county and State aforesaid, James E. Hogue, to me known as the person who signed and executed the above instrument in writing, for the purpose and consideration therein mentioned and set forth.

"Robert Neill, Notary Public.

"My commission expires June 16, 1919.

"Filed July 20, 1917."

The above instrument was executed and acknowledged on the first day of August, 1916, prior in point of time to the rendition of the judgments in favor of appellants against Hogue, but was not recorded until July 20, 1917, subsequent in point of time to the rendition of said judgments against him.

The chancery court construed the instrument in question to be an equitable mortgage and a superior lien to the judgment liens of appellants. A decree was rendered in accordance with the construction and finding of the court and is before us on appeal for trial *de novo*.

(1-2)  The nature and character of this instrument is the first question to be determined. So far as the instrument relates to the real estate described therein, it pur-

ports to grant, bargain, sell, transfer and assign it to a trustee to be applied on a pre-existing indebtedness of James E. Hogue to the Arkansas National Bank of Hot Springs, Arkansas. It invests no power of sale of said lands in the trustee, nor does it contain a defeasance clause. It is therefore lacking in these necessary essentials to make it a technically legal mortgage. It is manifest, however, that it was intended by the parties thereto as a security for pre-existing indebtedness of Hogue to said bank. This court has held, in substance, as follows: "Every instrument intended to secure payment of money, whatever name and form it have, is in equity a mortgage." *Turner* v. *Watkins,* 31 Ark. 429; *Bell* v. *Pelt,* 51 Ark. 433. The chancellor correctly interpreted the instrument as being an equitable mortgage.

(3-5) The next and last point for determination is whether or not the lien created by the instrument in question is paramount to the lien of the judgments of appellants. Judgment creditors are not innocent purchasers. Their liens are subject to existing equities of third parties in the land. The rule of *caveat emptor* applies to purchasers at execution sales. Equitable mortgages are not controlled by the recording statutes of this State. *Martin* v. *Schichtl,* 60 Ark. 595; *Priddy & Chambers* v. *Smith,* 106 Ark. 79. The instrument, being prior in point of time to the judgment liens, is therefore prior and paramount to them.

No error appearing in the record, the decree is affirmed.