## McKinley v. Black.

Opinion delivered February 19, 1923.

Mortgages—limitation—effect of unrecorded payments.—Under Crawford & Moses' Dig., §§ 7382, 7408, providing that payments on a mortgage shall not revive the indebtedness or extend the operation of the statute of limitations, so far as the same affects the rights of third parties, unless, prior to expiration of the period of limitation, a memorandum of such payment be indorsed on the margin of the record, *held* that a purchaser at his own execution sale, not a party to the mortgage, is a "third party," and where payments on the mortgage were not indorsed on the margin of the record until after the debt was apparently barred, and after the execution sale, the payments did not stay the running of the statute as to such purchaser.

Appeal from Benton Chancery Court; *Ben F. Mc-Mahan*, Chancellor; reversed.

*Duty & Duty*, for appellant.

The mortgage was barred, so far as pertains to the rights of this appellant. Crawford & Moses' Digest, §§ 7382, 7408. Appellant was a third party within the meaning of the statute, § 7382, *supra.* 106 Ark. 207; 64 Ark. 317; 68 Ark. 257-9; 91 Ark. 394-8; 99 Ark. 213; 91 Ark. 394; 42 Ark. 140; 41 Ark. 186.

*W. O. Young*, for appellee.

A purchaser at his own execution sale can acquire no greater rights to the property than the debtor could himself claim. 23 C. J. 746 *et seq.* The purchaser at a valid execution sale takes what title the defendant in execution has, no more, no less. 131 Ark. 492; 215 S. W. 611.

Humphreys, J. Appellant instituted suit in the Benton Chancery Court to quiet title to the SE¼ NW¼ sec. 16, T. 21 N., R. 29 W., in Benton County, Arkansas, against appellee, alleging ownership thereto under purchase at his own execution sale under an execution issued out of the Benton Circuit Court, upon a judgment obtained by him against C. S. and Sarah Mitchell.

Appellee filed an answer and crossbill, asserting and seeking to enforce a mortgage against the property which he obtained from the owners, C. S. and Sarah Mitchell, on the 17th day of February, 1909, to secure a note of even date in the sum of $295, due on the 17th day of February, 1910, on which the following payments had been made: September 13, 1909, $49; June 20, 1914, $10; and June 17, 1919, $10. The mortgagors were made parties defendant in the crossbill, who filed an answer admitting the indebtedness and the execution of the mortgage to secure same.

Appellant filed an answer to the crossbill, alleging that the mortgage indebtedness was barred as to him under §§ 7382 and 7408 of Crawford & Moses' Digest.

The cause was submitted to the court upon the pleadings and the oral and documentary testimony, which resulted in a refusal to sustain the plea of the statute of limitations, and the rendition of a decree in favor of appellee for the mortgage indebtedness, and foreclosure of the mortgage to pay same, and a dismissal of appellant's bill for the want of equity, from which decree an appeal has been duly prosecuted to this court.

The facts are undisputed, and are as follows: On February 17, 1909, C. S. and Sarah Mitchell were indebted to W. L. Black in the sum of $295.62, and to secure the indebtedness executed a mortgage to him on said real estate. The indebtedness was evidenced by note of even date with the mortgage, bearing interest at the rate of 8 per cent. per annum from date until paid, being due and payable on the 17th day of February, 1910. Three payments were made upon the indebtedness and credited on the notes, as follows: September 13, 1909, $49; June 20, 1914, $10; and June 17, 1919, $10. The mortgage was recorded, but the credits were not noted on the margin of the record until April 18, 1918. Appellant obtained a judgment against C. S. Mitchell in a magistrate's court for $226.85, which was filed on the judgment docket of the Benton Circuit Court on November 3, 1917. On the 12th day of April, 1918, the exe-

cution was issued upon the judgment levied on said land, which was sold to satisfy the judgment. Appellant purchased the land at the execution sale, and, after the expiration of the right of redemption, procured the sheriff's deed thereto. On the 18th day of April, 1919, before the sheriff's deed was executed, a notation of the amounts theretofore paid on the notes was made upon the margin of the record. The only question presented by this appeal is whether the mortgage lien was barred as against appellant. This must depend on whether the purchaser at an execution sale is a third party within the meaning of §§ 7382 and 7408 of Crawford & Moses' Digest. Those sections provide that payments upon a mortgage indebtedness shall not operate to revive the indebtedness or to extend the operation of the statute of limitation, so far as the same affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk. In construing these statutes this court has ruled that strangers to the mortgage, with full knowledge of the existence of such mortgage, may avail themselves of an apparent bar of the debt, if payments which would stay the limitation are not indorsed on the margin of the record of the mortgage. *Martin* v. *Ogden,* 41 Ark. 186; *Wright* v. *Graham,* 42 Ark. 140; *Hill* v. *Gregory,* 64 Ark. 317; *Morgan* v. *Kendrick,* 94 Ark. 394. Third parties, as used in the statutes under construction, necessarily mean strangers to the mortgage. This being true, we think an execution purchaser at his own sale, who was not a party to the mortgage, is a third party within the meaning of the statutes. In the instant case the payments which prevented the statutory bar between the mortgagor and mortgagee were not entered upon the margin of the record of the mortgage until long after the debt was apparently barred, and after appellant had purchased the land at

the execution sale. The payments did not therefore stay the limitation as to appellant.

On account of the error indicated the decree is reversed and the cause is remanded, with directions to quiet appellant's title to said real estate as against the mortgage lien of appellee.