SNOW BROTHERS HARDWARE COMPANY *v.* ELLIS.

Opinion delivered October 28, 1929.

*T. W. Hardy, C. W. Smith* and *R. H. Little,* for appellant.

*Gaughan, Sifford, Godwin & Gaughan,* for appellee.

KIRBY, J. On this appeal the question for determination is whether the court erred in holding, upon the issue raised by the pleadings, that there was no title to the lands sought to be sold under execution remaining in Rogers, the judgment debtor, subject to execution on the judgment recovered against him by appellant.

The court sustained a general demurrer to appellant's answer, and, upon its declining to plead further, made the temporary injunction permanent, and from this decree the appeal is prosecuted.

From the complaint, answer and exhibits it appears that W. L. Rogers, the owner of the land, entered into a written contract with Mrs. Edna Umsted and her daughters, on January 15, 1927, under which she loaned him $5,000, taking his note therefor and a deed of trust on the land to secure same, and at the same time Rogers executed a deed conveying the lands in fee to Mrs. Umsted and her daughters. The contract provided that, if Rogers should not pay the $5,000 note when due, one year after date, Mrs. Umsted should deposit with the bank holding the contract and deed in escrow $2,650 and the $5,000 mortgage note, marked "Paid," and receive the deed from the bank. The $5,000 mortgage note was not paid by Rogers nor any one for him. She deposited the $2,650

and the note, marked "Paid," and received the Rogers deed from the bank, in accordance with the terms of the contract, recorded it on January 17, 1928, and she and her daughters conveyed the lands to S. J. Carnes on January 23, 1928, by deed recorded that day. Appellant recovered its judgment against Rogers on April 11, 1927, three months after the contract between him and Mrs. Umsted had been executed. The execution on the judgment was issued on November 26, 1928, and levied on the lands on December 24, 1928, about eleven months after Rogers' deed conveying the lands to Mrs. Umsted was delivered by the bank to her in accordance with the escrow agreement.

Appellant insists that its judgment constituted a lien on the lands, notwithstanding it was not rendered till three months after the written contract was made by the owner with the lender of the money, under the terms of which the money was loaned Rogers, the deed of trust executed by him for its security, and the warranty deed conveying the lands executed and put in escrow, to be delivered on condition to the grantee, since the judgment was rendered long before the condition was performed and the deed conveying the lands was delivered under the terms of the escrow agreement.

A judgment lien, however, does not attach to the land, but is a lien on the real estate owned by the defendant—the judgment debtor's interest in it—and, if that interest be subject to any infirmity or condition by reason of which it is eliminated or ceases to exist, the lien attached thereto ceases with it. *Howes* v. *King,* 127 Ark. 511, 192 S. W. 883; § 6299, C. & M. Digest; 15 R. C. L., § 255, p. 798.

A judgment lien only attaches to an estate in lands, not to a lien on lands, and a vendor's lien is not an estate or interest in land subject to execution, nor is the interest of a vendor of land who has given a bond for title thereto subject to execution. A judgment lien is subject to existing equities of third parties in the land. *Howes* v. *King,*

*supra; Stephens* v. *Shannon,* 43 Ark. 464; *Strauss* v. *White,* 66 Ark. 167, 51 S. W. 64; *McGuigan* v. *Rix,* 140 Ark. 418, 215 S. W. 611.

Before the rendition of the judgment, Rogers, the judgment debtor, had conveyed all his interest in the land on condition, and put the deed in escrow, to be delivered upon performance of the condition, which was done, and he did not therefore hold the land or any interest in it free from or not subject to the condition, by reason of which his entire interest was eliminated or ceased to exist.

If it be regarded that Rogers had a vendor's lien for the balance of $2,650 paid by the grantee to procure the delivery of the deed under the contract and escrow agreement, it does not improve appellant's position, since a vendor's lien is not an interest in land subject to execution. There was no attempt to levy the execution upon the balance of the purchase money paid into the bank upon delivery of the deed by it to the grantee.

We find no error in the record, and the decree is affirmed.