FIRST NATIONAL BANK *v.* MERIWETHER SAND & GRAVEL COMPANY, INC.

4-3250

Opinion delivered January 22, 1934.

644

*Ned Stewart,* for appellant.

*E. A. Upton* and *Searcy & Searcy,* for appellee.

KIRBY, J., (after stating the facts). The only question for determination here is whether or not the acknowledgment of the mortgage substantially complies with the laws of this State, and whether the judgment creditors' liens are prior and paramount to the interest and equity of appellants in the property by reason of their mortgage.

The suit was brought to foreclose the mortgage and declare the judgment creditors' liens subordinate and inferior to the lien of the mortgage holders. The mortgage was introduced in evidence together with the notes secured thereby, and the same appears to have been

filed for record on the 1st day of August, 1927, at 9 o'clock and recorded in the recorder's office at 9 o'clock that day.

The president of the appellee gravel company identified the resolution of the board of directors authorizing the mortgage and also the notes secured thereby. He stated the amount due on the different notes and that it was the intention to include in the mortgage everything the company owned; and that the replacements made by the company were made with the consent of the mortgage holders.

The mortgage which appellants sought to foreclose is certainly, as to form and purpose, a mortgage both in law and equity. The only question which could be raised concerning the validity of the instrument is the sufficiency of the acknowledgment to entitle it to record in this State. The mortgage was taken by appellant bank, a Louisiana corporation, from appellee gravel company, also domiciled in Louisiana, upon property owned by said·gravel company situated in Arkansas. The mortgage was drawn in Louisiana, and the acknowledgment appears to have been taken in conformity with the laws of that State. To entitle said mortgage to record in this State, the acknowledgment must have been taken by an officer authorized by the laws of this State to take acknowledgments, or in substantial compliance with our statutes. Section 7380, Crawford & Moses' Digest, provides the manner and form of taking acknowledgments to deeds and mortgages. Section 1516, Crawford & Moses' Digest, provides that an acknowledgment of the conveyance of any real estate taken without the State must be taken before a notary public, the attestation of such acknowledgment and the form of the certificate.

In the instant case the instrument was acknowledged before a notary public and the certificate attested by his official seal. The instrument as acknowledged recites the appearance of the grantor, Meriwether Sand & Gravel Company, Inc., by its president, etc., and ends as follows:

"Thus done and signed at my office in the Parish of Caddo, State of Louisiana, in the presence of Ruby C. Cochran and I. C. O'Leary competent witnesses on this 11th day of July, Nineteen Hundred and Twenty-Seven.

"Witnesses:

"Meriwether Sand & Gravel Company, Inc.,
"By Jas. S. Meriwether, President,
"Frank M. Cook, Notary Public,
"Ruby C. Cochran,
"I. C. O'Leary."

We must examine the acknowledgment as made to ascertain if it be in form and substance a substantial compliance with our laws relating to such acknowledgments.

Appellees claim that the record shows that appellants' mortgage was insufficiently acknowledged because the acknowledgment omitted the words "consideration and purposes, etc.," or words of similar import; and that because of the fatal defect of the acknowledgment said mortgage was illegally admitted to record and the recording thereof constituted no notice of the existence of a mortgage to third parties nor any lien against the lands included therein. Appellees cite *Drew County Bank & Trust Company* v. *Sorben*, 181 Ark. 943, 28 S. W. (2d) 730, and *Ford* v. *Burks*, 37 Ark. 94, a case holding the acknowledgment invalid because the word "purposes" was omitted; and also *Wright* v. *Graham*, 42 Ark. 141.

The acknowledgment of the instrument herein, however, was made by the proper officers, the president and secretary of the corporation, under a resolution by the board of directors thereof duly authorizing said mortgage, a certified copy of the resolution being attached to and made a part of the acknowledgment by the official, who stated, "that for and in consideration of the sum of one dollar ($1) cash in hand paid and the premises hereinafter set forth," the certificate ending as above set out: "Thus done and signed, etc."

The word "consideration" is properly used in the acknowledgment while the words "and the premises hereinafter set forth," certainly are words of similar import to "purposes" reciting all the purposes instead of saying "therein mentioned and set forth"; and said acknowledgment was a substantial and sufficient compliance

with our statute, the mortgage not being invalidated by the use of such language.

Appellants insist that, notwithstanding the holding of the chancellor that their mortgage was not entitled to record because of the defective acknowledgment and therefore constituted no lien against the property, the court erred in not holding their right to the property superior to that of appellees, who were only judgment creditors and not innocent purchasers. This contention must be sustained.

The instrument purports to grant, bargain, sell, transfer and assign the real estate, etc., to a trustee to be applied to the payment of the pre-existing indebtedness of these three Shreveport banks described therein, and would have constituted a valid legal mortgage between the parties, although no lien against the property because of the defective acknowledgment not entitling it to record. It is, however, none the less a conveyance of the property described therein by appellee to the trustee for application to the payment of appellee's indebtedness to appellants; and, whether it be considered an equitable mortgage or not, it was effective to convey appellee's interest in the property described for the purpose of securing such indebtedness.

The judgment creditors are not innocent purchasers, and by their judgments could only subject to the payment of their indebtedness the mortgagor's interest remaining in the property, their liens being subject to existing equities of third parties in the land, etc. *McGuigan* v. *Ricks,* 140 Ark. 418, 215 S. W. 611; *Doswell* v. *Adlen,* 28 Ark. 82; *Apperson Co.* v. *Burgett,* 33 Ark. 328; *Howe* v. *King,* 127 Ark. 511, 192 S. W. 883; *Robbins-Sanford Merc. Co.* v. *Johnson,* 166 Ark. 330, 266 S. W. 260; *Snow Bros.* v. *Ellis,* 180 Ark. 238, 21 S. W. (2d) 162; *First National Bank of Amarillo* v. *Jones,* 107 Tex. 623, 183 S. W. 874. '

The chancellor could have foreclosed the mortgage settling the rights of all the parties, and should therefore have held the lien or claim of appellants superior to the lien of said judgment creditors and erred in not so doing. The decree is reversed, and the cause remanded

with directions to enter a decree in favor of appellants in accordance with the ruling herein. It is so ordered.

SMITH and McHANEY, JJ., dissent.