CITIZENS BANK & TRUST COMPANY *v.* GARROTT.

4-4309

Opinion delivered April 20, 1936.

*Charles F. Cole,* for appellant.

*S. M. Casey,* for appellee.

BAKER, J. The appellant in this case sued J. W. Scott and Mary Scott, his wife, in a foreclosure suit, and under a decree in said suit sold the mortgaged property. There was a deficiency judgment or, at least, an unpaid judgment for several hundred dollars. An execution issued on November 26, 1934, and was levied upon certain lands belonging to J. W. Scott. They were advertised for sale on December 29, 1934.

The appellant had only a judgment lien upon these lands. Its mortgage lien covered other property.

The lands seized under this execution had been mortgaged or conveyed by deed of trust to E. P. J. Garrett since December 8, 1922. The mortgagor had made par-

tial payments so that the debt was not barred by limitations. No marginal notations had been made upon the mortgage record showing these payments or any extension of time of payment, and according to the record the debt was apparently barred.

The appellee filed suit to foreclose his deed of trust pleading the note showing the partial payments thereon, and alleging his lien to be prior and paramount to the claim of appellant under the execution sale on December 29, 1934, wherein the execution creditor purchased the west half of the northwest quarter of section 17, township 12 north, range 5 west in Independence County, the same tract of land conveyed to appellee in the deed of trust.

Appellant's answer specifically invoked the protection of §§ 7382 and 7408, Crawford & Moses' Digest.

There is no controversy about the respective debts or payments. The only matter for settlement by us is to determine the correct answer to the query: Is the purchaser at the execution sale, under the conditions here shown, a "third party" within the purview of above-mentioned statutes, and as such possessed of equities superior to those of the mortgagee?

In one of the earlier cases this court said: "The effect of that statute, as to strangers to the transaction, is that when the debt secured by a mortgage is apparently barred by limitation, and no payment which would stay the limitation is indorsed on the margin of the record of the mortgage, it becomes, as to such third parties, an unrecorded mortgage; and like an unrecorded mortgage it constitutes no lien upon the mortgaged property, as against such third party, notwithstanding he has actual knowledge of the execution of such mortgage. * * *

"But an unrecorded mortgage is still good and binding between the parties. It constitutes a valid lien on the property, except as to the legal rights of third parties. * * *." *Morgan* v. *Kendrick*, 91 Ark. 394, 398, 121 S. W. 278.

Another case upon which appellant relies is that of *McKinley* v. *Black*, 157 Ark. 280, 282, 247 S. W. 1046.

In that case the court defined third parties, saying: "Third parties, as used in the statutes under construction, necessarily mean strangers to the mortgage. This being true, we think an execution purchaser at his own sale, who was not a party to the mortgage, is a third party within the meaning of the statutes."

Later, however, in the case of *First National Bank* v. *Meriwether Sand & Gravel Co., Inc.,* 188 Ark. 642, 647, 67 S. W. (2d) 599, this court said: "The judgment creditors are not innocent purchasers, and by their judgments could only subject to the payment of their indebtedness the mortgagor's interest remaining in the property, their liens being subject to existing equities of third parties in the land, etc. *McGuigan* v. *Rix,* 140 Ark. 418, 215 S. W. 611; *Doswell* v. *Adler,* 28 Ark. 82; *Apperson Co.* v. *Burgett,* 33 Ark. 328; *Howes* v. *King,* 127 Ark. 511, 192 S. W. 883; *Robbins-Sanford Merc. Co.* v. *Johnson,* 166 Ark. 330, 266 S. W. 260; *Snow Bros. Hardware Co.* v. *Ellis,* 180 Ark. 238, 21 S. W. (2d) 162; *First National Bank of Amarillo* v. *Jones,* 107 Tex. 623, 183 S. W. 874."

This same problem was presented again in the case of *Carroll* v. *Evans,* 190 Ark. 511, 79 S. W. (2d) 425, and one of the supporting authorities therein is *First National Bank* v. *Meriwether Sand & Gravel Co., supra.* It is true that in the Carroll case there was a deed which was construed as an equitable mortgage and which, as we have heretofore said, is not governed by statutes to the same extent or effect as is the ordinary or statutory mortgage or deed of trust. This is not the point, however, that should be emphasized in this discussion.

In the case of *Carroll* v. *Evans, supra,* we again approved and quoted from *First National Bank* v. *Meriwether Sand & Gravel Co., supra,* the above repeated extract from that case. In addition thereto we said, quoting from *McGuigan* v. *Rix,* 140 Ark. 418, 215 S. W. 611: "The next and last point for determination is whether or not the lien created by the instrument in question is paramount to the lien of the judgments of appellants. Judgment creditors are not innocent purchasers. Their liens are subject to existing equities of third parties in

the land. The rule of *caveat emptor* applies to purchasers at execution sales."

We also cited and quoted with approval upon the same matter from *Howes* v. *King*, 127 Ark. 511, 192 S. W. 883, a pertinent statement of the late Chief Justice HART, and to the same effect.

It now seems patent from a reconsideration of these cases cited and argued by the respective parties in this suit there is conflict in our announcements. We believe it proper upon this re-examination to use whatever means may be necessary to clarify our views rather than to attempt to reconcile them.

When the Legislature passed §§ 7382 and 7408, Crawford & Moses' Digest, the purpose was not creative of new rights, but the intention was to protect third parties as prospective purchasers. Purchasers of real property, in the absence of actual knowledge, look to the records of titles. These are outgrowths of the laws of registration.

Proper marginal notations of extensions of time of payment or of partial payments furnish constructive notice to the world of the continued existence of the debt, and of the security held for its payment.

Since the giving of notice to these "third parties," prospective purchasers, was the prime motive, if not the only one, for the passage of these statutes, it would be inconsistent to hold that by reason of them those who were, prior to the passage of these acts, required to take notice of other's rights need not do so now.

Perhaps there is no better known principle than the application of the rule of *caveat emptor* and particularly to a creditor purchasing at his own execution sale. Unless we hold that the two sections of the statutes under discussion destroy the rule of *caveat emptor,* as applied to execution sales, we must say that the opinion in *McKinley* v. *Black*, 157 Ark. 280, 247 S. W. 1046, is erroneous. We have decided to adhere to the ancient landmark of *caveat emptor* as being in conformity with the spirit of the statutes involved, and we overrule *McKinley* v. *Black, supra,* as opposed thereto.

Ordinarily, notice whether constructive or actual, or purely legal, as under the rule of *caveat emptor,* will protect prospective purchasers, and the statutes may not be regarded as the exclusive method whereby notice may he had. *Wasson* v. *Beekman,* 188 Ark. 895, 68 S. W. (2d) 93.

In the last-cited case there were no marginal notations showing credits or extension of time of payment, although the lien of the mortgage was apparently barred. Notice of *lis pendens* filed with the foreclosure suit and possession by the plaintiff through a tenant was held to be sufficient.

So in the case under consideration the appellant as an execution creditor purchaser had notice, or at least bought under the rule of *caveat emptor,* and was not, therefore, a protected third party. Moreover, two days before the purchase the appellant had written notice, or actual notice, of appellee's rights, and no doubt in bidding for the property took full cognizance thereof.

The decree of the chancery court was correct.

Affirmed.