JOHNSON *v.* LOWMAN.

4-4385

Opinion delivered October 19, 1936.

*Madison K. Moran,* for appellants.
*W. P. Beard,* for appellee.

MEHAFFY, J.   On December 14, 1915, L. C. James and Nora James, his wife, executed to J. W. Lowman their promissory note in the sum of $600, due and payable December 14, 1916, and to secure the payment of said note, they executed to J. W. Lowman their mortgage with power of sale, in which they conveyed the following lots in the town of Cabot, Lonoke county, Arkansas: Lots 1, 2, 3, 4, 5 and 6 in block 55, and lots 7, 8, 9, 10 and 11 in block 56.   There were payments made on said note from time to time, and on March 22, 1935, J. W. Lowman filed suit in the Lonoke chancery court against the said L. C. James and Nora James and Merle Johnson and his wife, asking judgment on said note against L. C. and Nora James, and for a foreclosure of the mortgage and sale of said property in satisfaction of said judgment.   Neither L. C. James nor Nora James filed any answer or other pleadings.

The appellant, Merle Johnson, answered denying the allegations in the complaint, and claiming title to said property by virtue of a deed from Nora James, L. C. James having conveyed the property to Nora James. Johnson set up that he was a third party, within the

meaning of the statute, and that the claim against the land was barred by the statute of limitations.

The appellant, Beatrice Pelkey, filed an intervention and answer claiming title to said property under and by virtue of a mortgage executed to her by Merle Johnson. She claimed to be a third party within the purview of the statute. She also claimed that the mortgage was barred by the statute of limitations.

According to the record the following credits appear on the note: "January 8, 1917, $126; December 14, 1919, $126; April 24, 1923, $20; April 24, 1923, $2.50; December 3, 1923, $20; July 30, 1924, $100; December 7, 1929, $75; March 1, 1933, $5; May 1, 1933, $5; June 2, 1934, $5; July 9, 1934, $5; August 11, 1934, $5; September 17, 1934, $5; October 15, 1934, $5; May 5, 1934, $150."

Only three of these credits were indorsed on the margin of the record.

The appellants rely on § 7408 of Crawford & Moses' Digest, which reads as follows: "In suits to foreclose or enforce mortgages or deed of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. Provided, when any payment is made on any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate to revive said debts or to extend the operations of the statute of limitation, with reference thereto, so far as the same affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk, provided, that in all cases where an indebtedness has been or may hereafter be secured by any mortgage or deed of trust, such mortgage or deed of trust may be enforced or foreclosed at any time within the period prescribed by law for foreclosing mortgages or deeds of trust so far as the property mentioned or described in such deed of trust or

mortgage is concerned; but no claim or debt against the estate of a dead person shall be probated against such estate, whether secured by mortgage or deed of trust or not, except within the time prescribed by law for probating claims against estates."

The payments indorsed on the margins of the records, are as follows: "January 8, 1918, $126; December 14, 1919, $126; July 5, 1922, ................."

It appears from the evidence that $22.50 was credited on the mortgage June 18, 1923. The dates on the margin of the record differ from the dates when the payments were made on the note. It is probably true that the payment was made and credited on the note, and some time afterwards credited on the mortgage. There was a payment made on December 7, 1929, of $75. That, however, was not credited on the record until February 13, 1933. The last payment before the one made in 1929 was made July 30, 1924. Therefore, when the payment was made in December, 1929, the claim under the mortgage as to third parties had already been barred.

The statute is plain and unambiguous. It expressly provides that when any payment is made on any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate to revive said debts or extend the operation of the statute so far as the same affects the rights of third parties. It seems to us that it could not be made more plain.

The courts have no power to legislate or to construe a statute to mean anything other than what it says, if it is plain and unambiguous. 25 R. C. L. 962, 963.

If the payment is made before barred by the statute of limitation, it still cannot affect the rights of third parties unless the payment is indorsed on the record as provided by statute. If the payment is made after the statutory bar, it cannot in any way affect the rights of third parties.

Appellee correctly states that this statute is to protect third parties; as between the original parties a compliance with the statute is unnecessary. But the statute plainly states that the debt shall not be revived or ex-

tended so far as the same affects the rights of third parties.

Appellee calls attention to the case of *McKinley* v. *Black*, 157 Ark. 280, 247 S. W. 1046, and states that this case was overruled by this court in the case of *Citizens' Bank & Trust Co.* v. *Garrott*, 192 Ark. 599, 93 S. W. (2d) 319. But in the case of *McKinley* v. *Black, supra,* the question was as to the rights of an execution purchaser, and the court there said: "We think an execution purchaser at his own sale, who was not a party to the mortgage is a third party within the meaning of the statutes."

That holding with reference to an execution purchaser is the only part of the opinion in *McKinley* v. *Black,* that was overruled by the later case.

The court, in the case of *Citizens' Bank & Trust Co.* v. *Garrott, supra,* expressly stated: "When the Legislature passed §§ 7382 and 7408, Crawford & Moses' Digest, the purpose was not creative of new rights, but the intention was to protect third parties as prospective purchasers." Again the court said, in that same case: "Since the giving of the notice to these third parties, prospective purchasers, was the prime motive, if not the only one, for the passage of these statutes, it would be inconsistent to hold that by reason of them those who were prior to the passage of these acts required to take notice of other's rights need not now do so."

It, therefore, appears from the opinion in the case referred to, that while it held that execution purchasers were not third parties, it expressly stated that prospective purchasers were; and the parties in the instant case come squarely within the law as announced by that opinion.

We think, therefore, that Johnson and Pelkey were third parties within the protection of the statute. The indorsement on the record was not made until February 13, 1933, but it shows on its face that the payment was received on December 7, 1929. The last payment made prior to the payment December 7, 1929, was made July 30, 1924, more than five years before this payment was made in 1929. The action was already barred as to prospective purchasers, and could not be revived by the

indorsement on the margin of the record showing a payment made in 1929 or any other time. The payment that was indorsed on the record in 1933, as we have said, was made in 1929, and relates back to that date; but on that date the debt was barred, or the right to foreclose the mortgage was barred, as to third parties.

This court has repeatedly held that where the indorsements are not made as required by the statute, the rights of third parties are not affected by payments, even though they may have actual knowledge.

It is contended by the appellee that the judgment of the lower court should be affirmed, because the appellant did not comply with rule 9. We think the abstract is sufficient. The rule says, among other things, that the transcript must set forth the material parts of the pleadings, proceedings, facts and documents, together with such other statements as are necessary to a full understanding of all questions presented to this court for decision. It appears that there is sufficient record for a full understanding of all questions presented.

From what we have said, it follows that the decree must be reversed, and the cause remanded, with directions to hold that the deed of Johnson and the mortgage of Pelkey are paramount to the right of Lowman, and dismiss the complaint as to them.

It is so ordered.

McHaney, J., concurs.