UNITED LOAN & INVESTMENT COMPANY *v.* NUNEZ.

5-705                                          282 S. W. 2d 595

Opinion delivered October 10, 1955.

*Bailey, Warren & Bullion,* for appellant.

*George W. Shepherd* and *Robert D. Lee,* for appellee.

ED. F. McFADDIN, Justice. From a decree quieting appellees' title, there is this appeal; and the question is whether appellant's judgment is a lien on appellees' property.

Mr. and Mrs. Nunez, who owned their homestead in Pulaski County as tenants by entirety, decided in 1954 to transfer the title to Mrs. Nunez. Their attorney advised them to deed the property to a third person, who would then convey the title to Mrs. Nunez. For such third person the attorney selected his friend, Mr. Kelly, who was not even acquainted with Mr. and Mrs. Nunez. Mr. Kelly signed and acknowledged a deed with grantee and date left blank; and this was exhibited to Mr. and Mrs. Nunez before they executed to Kelly their entirety deed, which was promptly recorded. Later it was learned that the appellant, United Loan and Investment Company (hereinafter called "United"), had an unsatisfied judgment

rendered against Kelly in 1953. When this was discovered, the Kelly deed previously signed and acknowledged, as aforesaid, was dated and Mr. and Mrs. Nunez were named as grantees and the deed was recorded.

Thereupon Mr. and Mrs. Nunez brought this suit to remove the judgment of United as a cloud on the title of the Nunez homestead. United claimed its judgment to be a valid lien, since the record showed that the deed from Nunez to Kelly was dated and recorded in August, 1954, and the deed from Kelly to Nunez was dated and recorded in October, 1954. The Chancery Court held that United's judgment was only a cloud on the Nunez title and cancelled such cloud. This appeal ensued.

I. *Evidence as to Consideration.* Appellant claims that the Nunez evidence was designed to show the entire absence of any consideration paid by Kelly to Nunez and was inadmissible, since evidence may show *real consideration* but not *entire absence of consideration*; and appellant cites such cases as *Leake* v. *Garrett,* 167 Ark. 415, 268 S. W. 608; *Tandy* v. *Smith,* 173 Ark. 828, 293 S. W. 735; *Hampton* v. *Haneline,* 125 Ark. 441, 189 S. W. 40; and *Moncrief* v. *Miller,* 178 Ark. 1069, 14 S. W. 2d 227. The holding of these cases is not applicable. Here, it was not attempted to show entire absence of consideration; rather, the offered evidence was designed to show *what* the actual consideration was—i. e., that Kelly was a conduit of title or a mere trustee and never a bona fide or beneficial owner of the property. The recital of consideration in a deed may be varied by parol for every purpose except to show that the deed was without consideration. *Davis* v. *Jernigan,* 71 Ark. 494, 76 S. W. 554; *Mewes* v. *Mewes,* 116 Ark. 155, 172 S. W. 853; and other cases collected in West's Ark. Digest, ''Evidence,'' § 419 (2).

Our judgment lien statute is § 29-130, Ark. Stats.; and says that a judgment is a lien on the land ''owned by the defendant.''[1] In *Howes* v. *King,* 127 Ark. 511, 192

---

[1] Two comparatively recent cases involving this Statute are *Tolley* v. *Wilson,* 212 Ark. 163, 205 S. W. 2d 177; and *Fears* v. *Futrell,* 216 Ark. 122, 224 S. W. 2d 362.

S. W. 883, property had been deeded to F. R. LaCroix, against whom there was a judgment lien; but it was shown that LaCroix was a mere conduit in the title, just as Kelly was in the case at bar.  In holding that the judgment against LaCroix was not a lien on the land conveyed to and by him, Mr. Justice HART, speaking for this Court, said:

"There was no moment of time when LaCroix owned or held the lands free from the condition, nor when he could have voluntarily conveyed them except subject to the condition.  This rule is based on principles of justice and public policy and can work no hardship to the judgment-creditor; for as we have already seen the lien of the judgment is in all cases limited to the actual interest which the judgment-debtor has in the estate.  The judgment-creditor having parted with nothing on the strength of these conveyances, it would be highly inequitable to permit his judgment to be satisfied out of what in fact was the property of Howes.  In support of the rule, see Kent's Commentaries, 14 Ed. vol. 4, star pages 173 and 174; *Thornton* v. *Findley,* 97 Ark. 432; *Murray Co.* v. *Satterfield,* 125 Ark. 85; *Western Tie & Timber Co.* v. *Campbell,* 113 Ark. 570, Ann. Cas. 1916C, 943, and case note at 949."

In accordance with the foregoing case,[2] we hold that the judgment of United against Kelly was not a lien on the Nunez property under the circumstances here existing.

II.  *Fraudulent Conveyance.*  Appellant says that Mr. and Mrs. Nunez were conveying their property to Kelly to discourage a possible lawsuit against Mr. Nunez; and therefore they were not entitled to any aid from equity to remove a cloud from their title.  The evidence did not show the Nunez deed of the homestead was a "fraudulent conveyance," as such words are used in

[2] Some of the cases, citing *Howes* v. *King,* are *Snow Bros. et al.* v. *Ellis,* 180 Ark. 238, 21 S. W. 2d 162; *1st National Bank* v. *Meriwether,* 188 Ark. 642, 67 S. W. 2d 599; *Carroll* v. *Evans,* 190 Ark. 511, 79 S. W. 2d 425; and *Citizens Bank & Trust Co.* v. *Garrott,* 192 Ark. 599, 93 S. W. 2d 319.

our cases.[3]  Furthermore, Mr. Nunez could have made direct conveyance to his wife.  See Ark. Stats., § 50-413. The fact, that their attorney chose to use Kelly as the conduit of title, cannot give a lien to United.  Such is the effect of our holding in *Howes* v. *King,* supra.

Affirmed.

---

[3] For cases on fraudulent conveyances and the validity of the transaction between the parties, see those collected in West's Arkansas Digest, "Fraudulent Conveyances," Key No. 172.