## LEAKE *v.* GARRETT.

## Opinion delivered February 16, 1925.

1. TRUSTS—ORAL TESTIMONY.—An express trust cannot be ingrafted on a deed by parol evidence.

2. DEEDS—FRAUDULENT MISREPRESENTATION—EVIDENCE.—In a suit to cancel certain deeds, evidence *held* not to preponderate against finding that defendant and her agents did not induce plaintiffs to execute deeds by fraudulent misrepresentations and promises to account for a part of the proceeds.

3. TRUST—BURDEN OF PROOF.—A trust *ex maleficio* must be established by clear, decisive and convincing evidence, not merely by a preponderance.

4. DEEDS—VOLUNTARY CONVEYANCE—CONSIDERATION.— Mere inadequacy of consideration affords no ground for setting aside a voluntary conveyance.

Appeal from Howard Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

*J. W. Bishop,* for appellant, Mrs. Greenhaw.

The representations to the effect that the place had been sold for sixteen hundred dollars and the vendors were to have their part of the proceeds or other property

obtained in lieu of the property conveyed on which appellants relied, and the circumstances under which the deeds were made, resulted in a legal or constructive fraud upon the rights of the appellant. 60 So. 98-99; 65 S. E. 583, 585; 6 Ga. App. 608; 13 Cyc. 581, and cases cited; 53 Conn. 299, 55 Am. Rep. 105, 111, 112. No adequate consideration is shown in this case. Nothing was paid as a consideration, not even the one dollar mentioned. 17 How. (U. S.) 43; 15 L. Ed. 34; 11 Wheat, 103-124, 6. L. Ed. 429; 12 Peters 262, 9 L. Ed. 1070; Story, Eq. Jur. § 246; 107 Tenn. 572; 64 S. W. 902; 98 Am. St. Rep. 957. A trust *ex maleficio* arises under the facts in this case. 34 Utah 48; 95 Pac. 527-534; 23 A. L. R. 1491; 152 Ark. 247.

*J. G. Sain* and *Coleman, Robinson & House,* for appellee.

The chancellor's finding will not be disturbed, because it is supported by the weight of the evidence and also because fraud is never presumed, but must be established by the party alleging it by evidence that is clear, convincing and unequivocal. An action of fraud does not lie for failure on the part of the promisor to perform a promise made by him to do something in the future which he does not intend to do and subsequently refuses to do. 152 Ark. 135; 145 Ark. 310. Appellee's testimony as to the gift is not contradicted, and is entirely reasonable under the circumstances. Equity will recognize such a gift as a shield to protect the equity of the donee, although it would not permit its use as a sword or enforce it against another in possession. 152 Ark. 628.

McCULLOCH, C. J. This is an action instituted against appellee in the chancery court of Howard County by appellants, Robert Leake and Nancy Greenhaw, to cancel two quitclaim deeds executed by appellants to appellee, conveying their respective interest in real estate, consisting of two lots situated in Nashville, the county seat of Howard County. The prayer of the complaint was that relief be granted either by cancellation of

the deeds or by decreeing a trust *ex maleficio* in favor of appellants. The complaint contained allegations to the effect that appellee and her agents induced appellants to execute the deeds by false and fraudulent misrepresentation and upon promises to account to appellants for a part of the proceeds in proportion to their several interests therein.

Appellee filed an answer denying the allegations of the complaint with respect to false representations or promises, and, upon the hearing of the case, the chancellor dismissed the complaint of appellants for want of equity.

The real estate in controversy was originally owned by appellee's former husband, John Collins, who died intestate in February, 1899, leaving appellee as his widow, and two children, a boy and a girl.

John Collins and his wife occupied the property in controversy as a homestead, and continued to occupy the same up until the time of his death, and thereafter the property was occupied as a homestead by the widow and the children.

About three years after the death of Collins, appellee intermarried with John Garrett, and, since then, she has not lived on the premises, but has rented the same and received the rents. The boy, Roy Collins, the son of John Collins and appellee, was killed out in Colorado, when he was about nineteen years of age, and the girl, Della, married and moved away and has not been heard from for the last twelve or fourteen years. She left no issue, so far as is known.

Appellant Leake was a half-brother of John Collins, and Nancy Greenhaw was the latter's niece. They claim the property, subject to the widow's homestead and dower right, as collateral heirs of the two children of John Collins.

The property in controversy has become dilapidated, and, according to the testimony, has been condemned by the city authorities, and appellee has been making an effort to sell or dispose of the same. The property

usually rented at a monthly rental of ten to sixteen dollars.

After the execution to appellee of the deeds in question, she sold the house on the lots for seventy-five dollars, with the privilege to the purchaser to remove the same from the lots.

Appellants executed separate quitclaim deeds to appellee, conveying their interests in the property. The deed of Nancy Greenhaw was executed on September 17, 1921, and the deed of appellant Leake was executed on September 19, 1921. Both deeds were filed for record on September 20, 1921. The two deeds were prepared by and executed before different officers, and each of the officers testified as to what occurred when the respective deeds were executed. Each of the appellants testified, in substance, that appellee represented that she was selling and conveying the property to an oil company for use as a gasoline filling station; that the deed executed was one, not to appellee herself, but to the oil company, and that she (appellee) would account to each of appellants for his or her respective portions of the consideration, which was represented to be the sum of $1,600. Neither of the appellants testified as to any specific amount he or she was to receive, but stated merely that appellee told them that she would pay them his or her "part" of the proceeds as soon as the sale was consummated.

The two deeds were, as before stated, executed at different times, also at different places and before different officers.

Appellee testified in the case, and denied that she made any representations to the effect that the deeds of conveyance sought to be secured were to an oil company, or that she promised either of the appellants to account for any of the proceeds. She testified that both of her children had abandoned the property, or, rather, turned it over to her to do as she pleased with, and that, when she applied to each of the appellants for a quitclaim deed, each of them executed the deed in question for the purpose of turning over the property to her to do with as

she pleased as her own. Each of the deeds recited a nominal consideration of one or two dollars.

The two officers who, respectively, prepared the deeds and took the acknowledgments, testified in the case. Each testified that nothing was said between the parties, at the time, about the consideration for the deed, other than the nominal consideration mentioned therein, but the officer who prepared the Leake deed testified that appellant Leake executed the deed with apparent reluctance, and that he got the impression from the conduct of the parties that there had been some former understanding between them. It is admitted by appellee that Leake hesitated about executing the deed, but finally agreed to do so, and she testified that there was no understanding that there was to be any other consideration except the nominal one expressed in the deed and the circumstances under which the title was held. In other words, the testimony of appellee shows that both of appellants executed the deed in consideration of the fact that she was the widow of John Collins and the mother of the latter's two deceased children. At any rate, the testimony of appellee is to the effect that each of the deeds was voluntarily executed and that there were no misrepresentations or promises made to induce its execution.

An express trust cannot be ingrafted on a deed by oral testimony. That principle is elemental. Even if it be conceded that the alleged misrepresentation that the deed was to be made to the oil company was material, we think that the evidence does not preponderate against the finding of the chancellor on that issue. Each of the appellants testified separately that appellee made such representations, but this is denied by appellee, and appellants are not corroborated.

A trust *ex maleficio* must be established by clear, decisive and convincing evidence, not merely by a preponderance. *Eason* v. *Wheeler, ante* p. 320. It can scarcely be said that there is even a preponderance of the evidence in favor of appellants, much less to say that the testimony in their favor is clear and convincing.

It is also contended that the conveyance should be set aside on account of inadequacy of consideration, but that does not afford grounds for setting aside a voluntary conveyance.

There are no valid grounds established for setting aside the deed; hence the decree must be affirmed, and it is so ordered.