MATTHEWS *v.* MULLINS.

4-6135 145 S. W. 2nd 718

Opinion delivered December 16, 1940.

*Melvin T. Chambers,* for appellant.

*Ezra Garner,* for appellee.

HOLT, J.; January 24, 1929, Mrs. Della Mullins, wife of appellee, A. R. Mullins, secured a deed to certain real property from Leslie Malone, the owner, for a consideration of $800. November 15, 1929, Mrs. Mullins executed a sale and rent contract to Leslie Malone, whereby she agreed to sell these lands, under conditions expressed in the contract, to Malone for a consideration of $1,040.84, the first payment being due November 15, 1930.

November 19, 1929, Leslie Malone and wife executed a deed of trust on the property to Wash White to secure a note for $638.57, due December 1, 1930. While the record does not show the recording of this deed of trust, it is conceded that it was in fact entered of record. This note and deed of trust were assigned to appellant, L. S. Matthews, on March 23, 1937. January 8, 1938, a credit of $25 was entered on the margin of the mortgage record, which was alleged to have been paid on the note on November 15, 1933.

January 25, 1938, approximately 17 days after the $25 credit had been indorsed on the record, suit was filed in the Columbia chancery court to foreclose the deed of trust, *supra.* Appellee Mullins was not made a party to this foreclosure suit but he intervened and alleged ownership of the lands sought to be foreclosed under the deed of Leslie Malone to Mrs. Della Mullins of January 24, 1929.

He further alleged that Mrs. Mullins died in 1934, leaving a will designating him as her sole beneficiary; and that Malone and wife were the tenants of his wife, Mrs. Della Mullins, for the years 1929 to 1934, inclusive, and thereafter were his tenants. He denied that the Malones had any title or interest in the lands on November 19, 1929, which they could mortgage to Wash White, and further alleged that the note and deed of trust sued on are barred by the statute of limitations and denied appellant's right to foreclose.

Upon a trial the chancellor found that the note sued on was barred by the statute of limitations as to appellee Mullins, dismissed the complaint to foreclose for want of equity, and quieted title to the lands in question in Mullins. From this decree comes this appeal.

Appellant earnestly insists here that the chancellor erred in holding that the five year statute of limitations (§ 8934, Pope's Digest) was a bar to the foreclosure suit.

The material facts, as reflected by the record, are practically undisputed.

The Malones deeded the lands in question to Mrs. Della Mullins, appellee's wife, January 24, 1929, and title to this property was in her at her death in 1934 and was left to her husband, appellee, under the terms of her will. While it is true on November 15, 1929, Mrs. Mullins entered into a "sale and rent" contract with the Malones whereby she agreed to sell these lands to them, it was specifically provided in this contract "in case the said second party shall fail to make the payments aforesaid, or any of them, punctually and upon the strict terms and at the times above limited and likewise to perform and complete all and each of the agreements and stipulations aforesaid strictly and literally without any failure or default, time being the essence of this contract, then this contract shall from the date of such failure be null and void . . . ."

As to the effect of such a provision, as the one just quoted, in a contract of the character before us, this court in *Souter* v. *Witt,* 87 Ark. 593, 113 S. W. 800, said:

"It is well settled that when the parties have so stipulated as to make the time of payment of the essence of the contract, within the view of equity as well of the law, a court of equity cannot relieve a vendee who has made default. With respect to this rule there is no doubt; the only difficulty is in determining when time has thus been made essential. It is also equally certain that when the contract is made to depend on a condition precedent,—in other words, when no right shall vest

until certain acts have been done, as, for example, until the vendee has paid certain sums at certain specified times,—then, also, a court of equity will not relieve the vendee against the forfeiture incurred by a breach of such condition precedent.''

The Malones failed to make payments in accordance with the terms of the contract and, therefore, their rights to purchase thereunder forfeited, but they continued to occupy the lands thereafter as tenants of Mrs. Mullins until her death, and thereafter as appellee's tenants, under another provision of the contract ''that immediately upon the failure to pay any of the notes described, . . . . the relation of landlord and tenant shall arise between the parties hereto for one year, from January 1st immediately preceding the date of default, and the said party of the second part shall pay rent at the rate of $125 per year for occupying the premises . . . .''

The record also reflects a stipulation that the taxes on the lands were paid by Mrs. Mullins and appellee for 1933 and each year thereafter through 1938.

It appears that the note sued on was due and payable December 1, 1930, and that only one payment was made on it, and that this payment was made November 15, 1933, but was not entered on the margin of the mortgage record until January 8, 1938.

This being the situation, Is appellee Mullins protected under the provisions of § 9465 of Pope's Digest as a third party? In other words, Are the note and mortgage sued on barred as to him by the five year statute of limitations?

Section 9465 provides: ''In suits to foreclose or enforce mortgages, deeds of trust or vendor's liens, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. Provided, when any payment is made on any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate to revive said debts or to ex-

tend the operation of the statute of limitation, with reference thereto, so far as the same affects the right of judgment lien holders and judgment creditors and third parties, unless the mortgagee, trustee, or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk. . . .''

It is our view that, under the previous holdings of this court, appellee comes within the class of third parties under this section of the statute, and the note and mortgage are barred by the statute of limitations insofar as they affect his interest in the lands in question.

In the recent case of *Johnson* v. *Lowman,* 193 Ark. 8, 97 S. W. 2d 86, where the facts were quite similar to those in the instant case, it appeared that the mortgagee brought suit to foreclose a mortgage. Johnson, who was not a party to the note and mortgage, but who was made a defendant, defended on the ground that he had title to the property in question by virtue of a deed from the mortgagors, that no marginal entry on the record of any payment had been made, that he was a third party within the meaning of §9465, *supra,* and that the claim against the land was barred by the statute of limitations. In sustaining Johnson's contention this court held (quoting headnote):

''Where, as to third parties, an action to foreclose a mortgage is barred, it cannot be revived by an entry on the record of a payment made before the bar attached; in such case, the rights of third parties are not affected, even though they have actual knowledge of such payments.'' In the body of the opinion we find this language: ''This court has repeatedly held that where the indorsements are not made as required by the statute, the rights of third parties are not affected by payments, even though they may have actual knowledge.'' See, also, *Polster* v. *Langley, ante,* p. 396, 144 S. W. 2d 1063.

Appellant also contends that appellee Mullins knew of Malone's mortgage to White and of his executing

thereafter other mortgages on the lands in question and of the transfer of White's mortgage to appellant and, therefore, that the intervention of appellee should have been dismissed on the ground of estoppel. We think this contention is without merit under the decisions above referred to.

Whether appellee Mullins had actual knowledge of the mortgage executed by the Malones to Wash White, or any other mortgage executed by them on the lands subsequent to the deed to Mrs. Della Mullins on January 24, 1929, when she acquired the property, or knew of the payment of the $25 made on the note November 15, 1933, can make no difference in view of the protection accorded him under § 9465, *supra*. Mullins was a third party as to the note and mortgage in question.

No error appearing, the decree is affirmed.