**In the Matter of the ESTATE of NORTH-WEST MILLS, INC., Alleged Bankrupt.**

**No. 178.**

United States District Court
W. D. Arkansas,
Fayetteville Division.
March 27, 1968.

---

Ball & Gallman, by James W. Gallman, Fayetteville, Ark., for Northwest Mills, Inc.

Tom Pearson, Fayetteville, Ark., for Millers Mutual Ins. Ass'n of Illinois.

Walter Niblock, Fayetteville, Ark., for Hoffman-Taft, Inc.

Paul Jamerson, Fayetteville, Ark., for Cargill, Inc.

Peter G. Estes, Fayetteville, Ark., and D. D. Panich, Little Rock, Ark., of counsel, for Receiver.

## OPINION

WILLIAMS, District Judge.

In this proceeding of which the Court has jurisdiction under the Bankruptcy Act, Title 11, U.S.C.A. the alleged bankrupt, Northwest Mills, Inc., has filed a motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure [28 U.S.C.A. Rule 56 (b)], upon the ground that the alleged acts of bankruptcy occurred more than four months prior to the filing of the petition of creditors seeking to have it declared a bankrupt. It previously filed a motion to vacate the order of the Referee appointing a receiver, which, to date has not been disposed of by the Court. Should the Court sustain the motion for summary judgment it will also be dispositive of that issue.

In paragraph 3 of the petition it is alleged that within four months next preceding the filing of the petition Northwest Mills, Inc., committed acts of bankruptcy;

> (a) by preferential transfer of property on the 8th day of May, 1967, and

(b) by a general assignment for the benefit of creditors, and

(c) by a transfer of its property [fraudulently under the provisions of 67 or 70 of the Bankruptcy Act] on May 8, 1967.

The acts of bankruptcy provided by the Bankruptcy Act are set forth in 11 U.S.C.A. § 21(a) (1) (2) (3) (4) (5) (6)

1) The alleged preferential transfer is within the scope of 11 U.S.C.A. § 21(a) (2), and

2) the alleged general assignment for the benefit of creditors is within the scope of 11 U.S.C.A. § 21(a) (4) and

3) the alleged fraudulent transfer is within the scope of acts of bankruptcy set forth in 11 U.S.C.A. § 21 (a) (1).

In other words, we are here dealing with the first, second and fourth acts of bankruptcy as set forth in the Bankruptcy Act, supra. It is noted however that 11 U.S.C.A. § 21(a) (1) deals both with concealment or removal of any property with intent to hinder, delay or defraud creditors and also with fraudulent transfer in violation of certain specific sections of the Bankruptcy Act. The petition here involves only that portion of Title 11 U.S.C.A. § 21(a) (1) which deals with the alleged fraudulent transfer of property, and we are not concerned with any alleged act of bankruptcy involving any fraudulent concealment or removal by Northwest Mills, Inc., of its property.

The pleadings and the affidavits attached to the motion for summary judgment and response in opposition, reflect no dispute as to the fact that the alleged transfer as well as the assignment for the benefit of creditors was made on May 8, 1967. Nor is there any dispute as to the manner of the perfection of the transfer of the property. Thus there is presented only a question of law as to whether the alleged

1) preferential transfer, or

2) assignment for the benefit of creditors, or

3) fraudulent transfer of property occurred within four months prior to the filing of the petition as provided by 11 U.S.C.A. § 21(b).

The petition was filed on November 3, 1967 which was more than four months subsequent to May 8, 1967. But the aforesaid section 21(b) provides further that:

" * * * with respect to the first or fourth act of bankruptcy, such time shall not expire until four months after the date when the transfer or assignment became so far perfected that no bona fide purchaser from the debtor could thereafter have acquired any right in the property so transferred or assigned superior to the rights of the transferee or assignee therein, and such time with respect to the second act of bankruptcy [preferential transfer] shall not expire until four months after the date when the transfer became perfected as described in subdivision a of section 96 of this title." 11 U.S.C.A. § 21(b).

■ It is noted that the quoted language deals only with transfer of property or assignment and not with concealment or removal of property. As to the latter the four months does not expire until four months after the concealment or removal is discovered by creditors. 1 Collier on Bankruptcy ¶ 3.702. Note 6, Matter of Havens (C.C.A.2d Cir.), 255 F. 478, 42 Am.B.R. 734; Citizens' Bank of Salem v. W. C. De Pauw Co. (C.C.A. 7th Cir.), 105 F. 926, 5 Am.B.R. 345. But as previously indicated we are not here concerned with an alleged concealment or removal of property as an act of bankruptcy.

■ As to the first act of bankruptcy (fraudulent transfer), or fourth act of bankruptcy (assignment for benefit of creditors), it clearly appears that the four months period expired four months after the transfer had become so far perfected as to be indefeasible by bona fide purchasers. 11 U.S.C.A. § 21(b); and this means within four months after perfection and not within four months of

the time creditors ascertained the existence of the transaction. 1 Collier on Bankruptcy ¶ 3.702; see also ¶ 3.701; Matter of D. W. F., Inc. (S.D.N.Y.1940), 35 F.Supp. 125, 49 Am.B.R.,N.S., 46.

■ As to the second act of bankruptcy (preferential transfer), it likewise clearly appears that the four months period expired four months after the preferential transfer had been perfected as prescribed in section 60, sub. a of the Act, 11 U.S.C.A. § 96(a). 3 Collier on Bankruptcy ¶ 60.32 says:

"Section 60a provides that a transfer, in order to constitute a preference, must be made or suffered by the debtor 'within four months before the filing by or against him of the petition initiating a proceeding under this Act.' * * * It is fundamental that the 'four months' period is an essential element of a preference, and a transfer perfected prior thereto may not be attacked as a preferential, except under the principles of applicable state law. * * * As in all other elements of a preference under § 60, the trustee has the burden of proving that the challenged transfer was effected within the prescribed four months. The actual date of perfection of the transfer controls irrespective of the date when the creditors ascertain or discover it."

With respect to this second act of bankruptcy, 3 Collier on Bankruptcy ¶ 60.36, among other things says:

"For the purposes of § 60a and b, however, a transfer is not necessarily deemed to have been made at the time when the debtor and his transferee do what may effect a completed and irrevocable transfer as between themselves. Section 60a(2) provides that it shall be deemed to have been made or suffered only when perfected as against other parties—in the case of personal property, as against subsequent creditors' liens obtainable by judicial proceedings, and in the case of real property, as against subsequent bona fide purchasers."

■ Thus the answer to the question here presented is dependent upon the time when the transfer of the property of Northwest Mills, Inc., was perfected, and this must be decided by the law of Arkansas wherein the property is located. Collier on Bankruptcy, 1 ¶3.703, and cases there cited.

■ The affidavits filed in support of the motion of Northwest Mills, Inc., for summary judgment discloses that on October 22, 1966, it executed and delivered to Industrial Finance Company in connection with a construction loan from that company obtained on February 1, 1966 a note in the amount of $150,000.00 bearing interest at 8 percent per annum, payable on demand, a financial statement and security agreement on a leasehold and the improvements to be erected thereon, all of which were recorded on April 4, 1967 with the Circuit Clerk of Washington County, Arkansas (being the county wherein the property is located), and on May 8, 1967 possession of the leasehold and the improvements was delivered to Industrial; and on the same date there was executed and delivered to Industrial an assignment by Northwest Mills, Inc., which assignment was perfected on the same date pursuant to Arkansas Statutes § 36–301. Industrial on the same date took possession of certain personal property which it sold on that day for the sum of $57,000.00. All of the property was accepted by Industrial in satisfaction of the amount loaned by it for construction of improvements. These facts are not disputed by the affidavits filed by the petitioning creditors, except they thought that the transfers and assignment were made by Northwest Mills, Inc., to the First National Bank of Memphis, Tennessee.

The Court is of the opinion that the transfer of the leasehold and improvements was perfected on May 8, 1967, and that thereafter neither bona fide purchasers nor subsequent judgment creditors could obtain any rights superior to the rights of the transferee or assignee. The assignment for the benefit of creditors was perfected by compliance on May

8, 1967 with the provisions of Section 36–301 of the Arkansas Statutes. As to subsequent judgment creditors, a lien can be obtained only upon the interest of debtor on the date the judgment is obtained. Snow Brothers Hardware Co. v. Ellis, 180 Ark. 238, 21 S.W.2d 162. See also § 30–116 Ark.Stats.

Motion for summary judgment is granted and the petition is dismissed.